fendants; there was a concurrence, in the indictment, of more than the law requires.

At all events, it is now too late to make the objection. The counsel for the defendants neglected to · make it before the court of oyer and terminer; and it is too late to set up the objection after conviction and sentence. People v. Griffin, 2 *Barb.* 427. In King v. Marsh, 1 *Neville & P.* 187; 6 *Ad. & E.* 236; 6 *Benn. & H. Lead. Cr. Cas.* 317; it was held that, a grand jury ought not to consist of·more than twenty-three persons. Where more than twenty-three persons are sworn and sit upon a grand jury, and a bill of indictment is found by them, to which the defendant pleads, and is tried, and found guilty, the court of kings bench will not, upon *motion*, quash the indictment. If· more than twenty-three are sworn and sit upon the grand jury, the defendant, in an indictment found by them, may, if that fact appears upon the caption of the indictment, bring error in law. If it does not appear there, then he may bring error in fact. See also People v. King, 2 *Cai.* 98. The error complained of does not amount to making a nullity of the indictment; it, at most, is an irregularity, not capable now of avoiding the conviction.

The judgment of the supreme court should be affirmed.

Judgment affirmed.

## CONKLING v. GANDALL.

September, 1864.

In an action against an indorser of negotiable paper, the complaint must state the facts necessary to charge him as such; and an averment of demand and notice is not dispensed with by giving a copy of the instrument and alleging the sum due, in the short form allowed by section 162 of the Code of Procedure, for pleading instruments for the payment of money only.[*]

Jonas and Theodore Conkling sued James R. Gandall, as in‥

---

[*] This overrules, in effect, Roberts v. Morrison, 11 *N. Y. Leg. Obs.* 60; and sustains Alder v. Bloomingdale, 1 *Duer*, 601; S. C., 10 *N. Y. Leg. Obs.* 363; Cottrell v. Conklin, 4 *Duer*, 45; Marshall v. Rockwood, 12 *How. Pr.* 452; Lord v. Cheesbrough, 4 *Sandf.* 696.

dorser, and George L. Burdick and Charles Finn, as makers of a note. The action was in the supreme court. The form of the complaint was as follows:

" That the defendants, Burdick and Finn, made their certain copartnership promissory note in the words and figures following, that is to say: [*Copy of note made by Burdick and Finn.*]

" That the said note was indorsed as follows:

"" J. R. Gandall, Salem, Washington Co., N. Y."

" That such indorsement was so made by the above named defendant, James R. Gandall.

" That the said plaintiffs are now the owners and holders of the said promissory note, and that the whole amount thereof, with interest, is due from the said defendants thereupon. Wherefore, &c."

Gandall, who alone appeared, demurred on the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action, in that it did not aver presentment of said note for payment, demand or refusal, or protest, or notice to defendant Gandall.

The court at special term overruled the demurrer, with leave to defendant to answer on payment of costs. This order was affirmed by the court at general term, and judgment entered against Gandall, who thereupon appealed to this court.

*L. H. Northrup,* for defendant, appellant.

*O. L. Stewart,* for plaintiffs, respondents.

By the Court.—Wright, J.—This judgment, I think, cannot be sustained. A complaint, under the Code, must contain "a plain and concise statement of the facts constituting a cause of action " (*Code of Pro.* § 142), and it may be demurred to if it does not. § 144. No cause of action was stated against the defendant Gandall. The only allegation affecting him is, that he indorsed a promissory note for two hundred and fifty-six dollars and fifty-eight cents, made by the firm of Burdick & Finn, payable to his order at the bank of Fort Edward, four months after date, which the plaintiffs own and hold. This is

not stating a cause of action against an indorser. The mere fact of indorsement of a negotiable promissory note gives no right of action nor entitles the holder to recover against the indorser. Without resorting to the contract of the indorser, which the law implies, the indorsement of such a note is nothing but an order upon the maker to pay its contents to the lawful holder. Such a note, although indorsed, contains no promise to pay, on the part of the person indorsing it. His contract is conditional, not absolute, and depends on facts outside of the written instrument. He promises to pay only on condition that the holder shall present the note for payment, and, if payment is refused, notice shall be given to him at the time and in the manner required by law. This demand of payment and notice of dishonor, or facts by which they are excused, must be proved on the trial, to establish his liability, and facts thus necessary to be proved, as they constitute in part the cause of action, must be averred in the complaint.

The complaint, therefore, as against the appellant Gandall, was insufficient and bad on demurrer, unless the requirements of section 142 are dispensed with by another section of the Code of Procedure.

It is provided in section 162, chapter 5, of the Code, entitled "General rules of pleading," that "in an action or defense, founded upon an instrument for the payment of money only, it shall be sufficient for the party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party, a specified sum which he claims." The precise intention of the legislature, or the framers of the Code, in this provision, is not clear, but certainly it was not meant that a complaint should be good, that merely set forth a copy of the instrument, with a statement that there was due to the plaintiff thereon, from the person named as a defendant, a specific sum, without averring that the defendant executed or delivered the instrument, or that it belonged to the plaintiff, or in any way averring the defendant's liability or the plaintiff's title. Such a mode of pleading would be so loose, vague and indefinite, that it is not to be assumed that the legislature intended to sanction it. This, however, would follow if the clause is not to be read in connection with section 142, but construed alone and *strictly.*

How are issues to be formed under such a complaint, or one dispensing with the requirements of section 142? Take the present case. The instrument is a promissory note; three parties are impleaded as defendants; a copy of the instrument is given, accompanied by a statement that there is due thereon, from the persons named as defendants, a specified sum which the plaintiff claims, and there is nothing more. The defendants may interpose by answer a denial, but what issue or issues will be thereby framed? There is but a single fact alleged, and that in the most general form, upon which an issue can be taken, viz: that there is due from the defendants to the plaintiffs, upon the instrument, the sum named. Would denying this put in issue the making of the note by Burdick & Finn as copartners, and the plaintiff's title to it? Manifestly not. Nor did the pleader in this case so understand it. It is averred that Burdick & Finn made the notes as copartners, a copy of which is set out; that the defendant Gandall indorsed it, and that the plaintiffs are the owners and holders; all of which was unnecessary if the provisions of section 142 are dispensed with by section 162, where the "action is founded upon an instrument for the payment of money only." Although the intended purpose of the last clause of section 162 is not clear, I am inclined to the opinion that it was meant that where the action or defense was founded upon an instrument for the payment of money only, instead of setting forth the instrument according to its legal effect in the body of the complaint or answer, it should be sufficient for the party to give a copy of it. Be this, however, as it may, it is too improbable to suppose that it was intended, in any class of actions, that a complaint should be good, that did not, upon its face,—either by direct averment, or by giving a copy of the instrument upon which the action was founded, with allegations connecting the parties with it,—show a cause of action; or which did not contain material allegations to that end, on which issue might be taken, or on which, if issue was not taken, judgment would legally pass against the impleaded parties by default. In this case the instrument (a copy of which is given) purports to be for the payment of money; but without the averment that it was made by Burdick & Finn, named as defendants, as copartners,

and unless plaintiffs' title to it appears in some way (neither of which facts is to be implied from the instrument itself) there would be no statement of a cause of action by the plaintiff against them. There is certainly no cause of action shown, where the facts upon which a plaintiff grounds his right to recover against a party, whom he may choose to implead as a defendant, do not affirmatively, or by implication, appear upon the face of the pleadings.

Beyond question, the complaint we are considering was sufficient against the defendants, Burdick & Finn. Their liability and the plaintiff's title appear affirmatively or by implication in the pleading. It is alleged that as copartners they made a certain promissory note, of which a copy is given, instead of stating the legal effect of the instrument; and that the plaintiffs are the owners and holders thereof, and that the whole amount is due. Nothing more was required. The instrument itself declares the liability of its makers. It contains an absolute promise of the makers to pay a sum of money, to its lawful holder, at the time specified. There are no conditions to the promise. The instrument is evidence of the amount of the debt, and the effluxion of time by its terms fixes their liability. If the plainiffs have title to the note at its maturity, they are the parties to whom the obligation of absolute payment is due. By proof on the trial of the making of the note by the firm, and the plaintiff's title to it, their right to recover as against the makers is established. But it is not so as against the defendant Gandall. Alleging and proving simply that he indorsed a note payable to his order would create no liability on his part to the holder. The law implies no contract to pay absolutely from the mere indorsement of a negotiable promissory note. Gandall's indorsement is averred in this complaint, and nothing more affecting him. If this fact had been put in issue and proved on the trial, the plaintiffs would not have been entitled to recover against him. His promise is conditional, and his liability depends upon facts outside of the instrument on which his indorsement is made. An action as against him is founded on something more than an instrument for the payment of money only, even though it should be considered that section 162 of the Code would embrace the case of the makers

of a promissory note, whose promise is contained in the contract evidenced by the instrument itself. Payment of the note must be first properly demanded of the makers, and due notice given to the indorser before any legal liability attaches to the latter. A complaint that does not aver facts, entitling the plaintiff to recover against a party, which do not appear in the instrument set forth, nor are to be implied therefrom, must be defective. If it be necessary as against an indorser (which it unquestionably is) to establish his liability, to prove a demand of payment and notice of dishonor of the note, it is incumbent upon the pleader to state these facts, otherwise the cause of action is defectively stated.

Whatever, therefore, may have been the legislative purpose in the enactment of section 162, it was not intended to include the case of a party whose liability was not absolutely fixed by and expressed in the instrument, but depended for its ever attaching on conditions precedent. Nor do I think in any case, even in that of the makers of a promissory note, the effect of the section is to dispense with the requirements of section 142. A complaint that did not aver the making of a promissory note, of which a copy was given, by the persons sought to be charged as makers, nor show that the plaintiff was the owner and holder, would in my judgment be bad on demurrer. If this were not so, the system of pleading inaugurated by this Code would be immeasurably more vague and indefinite than that which it assumed to supplant.

The judgment should be reversed.

A majority of the judges concurred for reversal.

INGRAHAM, J., delivered a dissenting opinion, relying on Keteltas *v.* Myers, 19 *N. Y.* 231; and Prindle *v.* Carruthers, 15 *Id.* 425, as sustaining the complaint.

Judgment reversed, and judgment for defendant, with leave to plaintiff to amend on payment of the costs of the supreme court and of this court.