ABRAHAM N. VAN ALSTYNE, Respondent, *v.* CONRAD FREDAY et al., Commissioners of Highways, Appellants.

A motion for judgment for the plaintiff, on the ground of the frivolousness and falsity of the answer, must be denied, irrespective of the sufficiency of the answer, where the complaint does not state facts sufficient to constitute a cause of action.

A commissioner of highways has no general authority, as such commissioner, to borrow money, or to give promissory notes binding upon his successors in office.

Accordingly, where the complaint against the present commissioners of highways of a town, merely alleges that G., the predecessor of the defendants as commissioner of highways, had become justly indebted to the plaintiff in a sum named, for money lent and advanced to him, as such commissioner, and that the plaintiff took from him a promissory note therefor, which is set out in full; upon a motion by the plaintiff for judgment upon such complaint, on the ground of the frivolousness of the answer thereto, put in by the defendants.—*Held*, that the insufficiency of the complaint to show a cause of action was a conclusive objection to the granting of such motion. (HUNT, Ch. J., and MURRAY, J., *contra*.)

(Cause argued June 24, 1869, and decided September 25, 1869.)

APPEAL from a judgment of the General Term of the Supreme Court, in the fourth district, affirming a judgment for the plaintiff, entered pursuant to an order for judgment, made by Justice POTTER at Special Term, on the ground that the answers of the defendants, to the several alleged causes of action, are frivolous and false.

The complaint alleges as a first cause of action, that Elijah Garlock, the predecessor of the defendants as commissioner of highways, became justly indebted to the plaintiff, in the sum of $850, for money lent and advanced to him as such commissioner, and that the plaintiff took from him a promissory note therefor, which is set forth, dated February 4, 1863, payable in one year with interest.

*Second.* That such commissioner, on the 11th of December, 1862, became indebted to Alonzo Cornue in the sum of $100, for the damages in widening a public highway in the town of Canajoharie, and gave to said Cornue a writing, which is set out, and which certified that the said commissioner had agreed with Cornue upon the damages for widening the highway leading from his house southerly, towards Mapletown, and fixed the sum of $100, to be paid in one year from date; and which certificate, the plaintiff purchased and holds and owns.

*Third.* That such commissioner also became indebted to William Cornue for the damages of widening a highway in the said town; and on settlement of the same, gave to said Cornue a note, dated February 3, 1863, for $100, payable one year after date, with interest; of which note, the plaintiff became and is the legal owner and holder.

The answer of the defendants contains several alleged defences, viz. : A general denial of all material allegations not admitted, the admissions being, the official character of Garlock and of the defendants, the execution of the certificate and notes, and the presentation and demand of payment of the certificate and notes. Specific denials of the indebtedness to the plaintiff for money lent and advanced to Garlock as commissioner, of the indebtedness to Alonzo Cornue or to William Cornue for the damages of widening a highway, and of the ownership, by the plaintiff, of the certificate and last named note.

It further alleges, in respect to the note and certificate for $100 each, that they were fraudulently given, without consideration, that the alleged widening of the highway was without any order or determination by the com-

missioner of highways filed in the town clerk's office. That such alleged damages have never been laid before the supervisors of the county to be audited, nor have been levied or collected, nor has any agreement for said alleged damages nor any assessment thereof been filed in said office. And that the said alleged widening was, on an application by the plaintiff, to the said Garlock as commissioner, on which an order was made, and plaintiff and William Cornue and others, released all damages, by instruments of release duly filed and recorded; but that an appeal was taken from such order and the same was duly reversed, and that the lands alleged in the complaint to have been taken are the lands of the plaintiff and of William Cornue, included in such last named opening and alteration, reversed as aforesaid.

Upon these pleadings, and on affidavits showing or tending to show an original indebtedness of the commissioners of highways for the payment of which Garlock borrowed $850 from the plaintiff, and showing that the certificate and smaller note were in part given for the agreed damages of Alonzo and William Cornue, on widening a highway and expense of setting back the fence, the motion was made and granted, and judgment was thereupon entered for the plaintiff.

*Lyman Tremain*, for the appellants, upon the point that the insufficiency of a complaint was a fatal objection on the motion for judgment, cited *Scheval* v. *Furniss* (4 Sandf., 704); *Fry* v. *Bennett* (5 Sandf., 54); *Stoddard* v. *Onondaga Confce.* (12 Barb., 573); *Graham* v. *Dunnigan* (6 Duer, 629); S. C., 4 Abb., 426; *Spencer* v. *Southwick* (11 John., 573); *Mercein* v. *Smith* (2 Hill, 210); *Matthewson* v. *Welles* (3 Duer, 52).

As to the insufficiency of the first count of the complaint to show a cause of action against the defendants, he cited *Baker* v. *Loomis* (6 Hill, 463); *Mather* v. *Crawford* (36 Barb., 564); 2 R. S., 5th ed., 382, § 4; 1 Id., 817, §§ 10, 11, 13, 5th ed.; Laws of 1853, p. 1140. As to the insufficiency of the other counts in reference to the Cornue indebt-

edness, he insisted that an order filed, widening the road, is necessary, and cited *People* v. *Williams* (36 N. Y., 441) ; *People* v. *Hinds* (30 N. Y., 470); *Marble* v. *Whitney* (28 N. Y., 297) ; 2 R. S., 5th ed., 396, § 78, 403, § 122; *Tucker* v. *Rankin* (15 Barb., 481).

And that the commissioners had no right to give a note for the damages occasioned by widening a road, he cited 2 R. S., 5th ed., 396, § 82, 399, § 93 ; 19 John., 275 ; 5 Cow., 292 ; 4 Barb., 64 ; 10 Wend., 366.

*John H. Reynolds*, for the respondent, that the motion for judgment upon the answers might include both the grounds of frivolousness and falsity, cited *People* v. *McComber* (18 N. Y., 315, 316) ; *Sherman* v. *Central Mills* (1 Abbott, 187) ; *Chapman* v. *Palmer* (12 How., 37) ; *Fales* v. *Hicks* (id., 153). He also insisted that the complaint could not be assailed, except on demurrer.

WOODRUFF, J. A commissioner of highways has no general authority, as such commissioner, to borrow money, or to give promissory notes, and thereby to bind his successors in office.

In respect, therefore, to the first alleged cause of action in the complaint herein referred to, there is an entire failure to show facts sufficient to charge the defendants with a liability to the plaintiff, or to establish a liability of the town of Cana-joharie for the moneys alleged to have been lent and advanced by plaintiff to Garlock, the predecessor of the defendants in office.

No extended discussion is necessary to support the proposition, that unless the borrowing of the money, or the giving of the note was within the official power of Garlock, his successors in office are not bound thereby ; and unless, also, the town itself is bound, no recovery can be had against the defendants, for the reason, that on a recovery from the defendants, the statute makes it peremptory that the amount recovered shall be allowed to them in their official accounts. (2 Rev. Stat., 476, § 108.)

It does not help the case, on this appeal, to say that there may, out of the original claim which Garlock paid with the money borrowed from the plaintiff, arise some ground, legal or equitable, upon which he is entitled to be reimbursed. That may probably be so. The circumstance, that the defendants offered to allow judgment to be entered for this first claim, strengthens that probability. But none of the facts showing any such original claim, or indebtedness of the town, appear in the complaint, and the motion below deals with the pleadings as they are, and not with a possible cause of action, legal or equitable, which the pleadings do not disclose.

It follows, that the plaintiff has recovered a judgment summarily, on motion, for an alleged or supposed first cause of action, when his complaint does not show title to recover. Whether the answer of the defendant is sufficient or not, the objection, that the complaint does not state facts sufficient to constitute a cause of action, is a valid objection, whenever the plaintiff moves for judgment thereon.

The judgment must, therefore, be reversed, whatever view be taken of the defence to the other claims of the plaintiff.

It is, however, proper to say, that when the commissioner of highways attempts to alter or lay out a highway, and make compensation to owners of lands taken thereby, the town is entitled to some permanent record of the act, and the statute contemplates a formal official order for that purpose. And although it may not be essential that such order be avowed in a complaint for the agreed damages, it is by no means a frivolous answer to say, that no such order was made. Before the town should be subjected to payment for the damages, enough should be done to assure to the public the use of the land as a highway. Even if the order was made and filed, and the damages had been agreed upon or assessed, the statute points out the mode of collection ; and it is, in my judgment at least, doubtful, whether any action will lie to collect them.

The order and judgment appealed from must be reversed.

DANIELS, J., also wrote an opinion for reversal upon the same grounds, substantially, as to the first count, as WOOD-RUFF. He further discussed the sufficiency of the answers to the allegation of the Cornue indebtedness, coming to the conclusion, that those portions of their answers alleging that the Cornue claims had never been presented to the town board for audit and allowance, or audited, or money raised by taxation, or received by the defendants, to pay them, and alleging that the order of the commissioner widening the street in front of the Cornues had been on appeal reversed, should not have been stricken out, and were not frivolous or false.

None of the other judges expressed any opinion on these points.

GROVER, MASON, JAMES and LOTT, JJ., concurred for reversal, with WOODRUFF and DANIELS, JJ., on the point discussed in WOODRUFF's opinion. HUNT, Ch. J., and MURRAY, J , were for affirmance.

Judgment reversed.