Van Brunt, J.
[After stating the facts.]—It is the well settled rule in this State that in order to overcome such presumption, the payee must show that the note was thus indorsed to give credit to the note with the payee, and that the payee has parted with value upon the credit of such indorsement (Herrick v. Carman, 12 Johns. 160 ; Nelson v. Dubois, 13 Id. 175 ; Campbell v. Butler, 14 Id. 349 ; Hall v. Newcomb, 7 Hill, 416 ; Moore v. Cross, 19 N. Y. 227; Bacon v. Burnham, 37 Id. 614; Phelps v. Vischer, 50 Id. 69 ; Coulter v. Richmond, 59 Id. 478).
It is as well settled that the complaint must allege every fact which it is necessary the plaintiff should prove in order to recover (Kelsey v. Western, 2 N. Y. 506 ; Conkling v. Gandall, 1 Abb. Ct. App. Dec. 423).
The allegation in the complaint that the Chase Manufacturing Co. afterwards indorsed the said promissory note, and that the same was thereupon for value received transferred to the plaintiff, it seems to me is wholly insufficient to admit of proof to rebut the presumption above referred to. There is no allegation that the company indorsed the note to give credit to it with the payee, nor that the payee parted with anything upon the credit of such indorsement. The allegations *81 contained in the complaint that the note was, after indorsement, for value received, transferred to the plaintiff, contain no allegation that that value was parted with upon credit of the indorsement, which allegation is essential to a recovery.
The demurrer must be sustained, with leave to the plaintiff to amend upon payment of costs.