Rehrbas, J
The defendant pleads that the Southern Trust Company, a judgment creditor of the American Opera Company, commenced an action against her April 20, 1887, to enforce her liability as a stockholder in said company to the extent of $5,000 and interest, on the cause of action set forth in the answer. That her total liability for the debts of the opera company never exceeded $5,000, and that on May C, 1887, she paid the trust company $5,000 in satisfaction of her aforesaid liability. The suit of the trust company was similar in character to the present action.
The answer alleges that the trust company recovered a judgment against the opera company, February 21, 1887, and that on the same day execution was duly issued, and returned before the action by the trust company against her was instituted, to enforce her liability as a stockholder.
The action by the trust company to enforce this liability was begun, as before stated, on April 20, 1887. The plaintiff commenced the present action April 7, 1887; but the complaint alleges that judgment was recovered against the opera company on May 16, 1887, and that execution was thereafter duly issued and returned unsatisfied. This court has held that no action is maintainable to recover the statutory liability sought to be enforced against the defendant until a judgment has been recovered against the corporation, and until execution has been issued and returned unsatisfied, So that, on April 7. 1877, when the present action was commenced, the plaintiff had no existing cause of action whatever against the defendant.
The trust company, on the contrary, had an existing right of action on April 20, 1887, when it brought its suit against the defendant, and her liability was then fixed so far as that action was concerned. It did not become fixed as to the plaintiff until May 16, 1887; and the defendant, prior to this time, to wit, May 6, 1887, discharged her liability by payment to the trust company of the $5,000 claimed. This discharged all liability existing against her at that time.
It is a rule of pleading, that on a demurrer the court will consider the whole record, and give judgment for the party, who, on the whole, appears to be entitled to it. Thus, where the plaintiff demurred to the defendant’s plea, if his declaration was bad, judgment would be rendered for the defendant. Moak’s Van Santvoord’s Pleadings (3 Ed., 732), and cases cited; Van Alstyne v. Freday, 41 N. Y., 174.
Under the pleadings as they stand, considered in their entirety, the defendant is entitled to judgment on the demurrer, with costs.