McAdam, C. J.
The plaintiff demurred to the new matter, alleged as a separate defense in the amended and supplemental answer of the defendant, on the ground that it did not state facts sufficient to constitute a defense.
Argument was had, and, on June 13, 1887, Judge Nehr *729 bas, at special term, made an order, which was entered on that day, overruling the demurrer and directing judgment in favor of the defendant dismissing the plaintiff’s comElaint. Judgment was entered, on his direction, Decemer 29, 1887, and from this judgment the present appeal has been taken.
The notice of appeal does not refer to the order of June thirteenth, and it is claimed by the l'espondent that it cannot therefore be reviewed by us on this appeal. The order made is neither an “interlocutory judgment” nor an “intermediate order” within the meaning of sections 1301 and 1316 of the Code. The order in this instance directed a final judgment in favor of the defendant, and the judgment finds support only, in that direction. In reviewing the judgment we must review the order directing it or nothing. The direction was made on the pleadings and these form part of the judgment roll, and if any error exists in the roll it must be found in that order. We have, therefore, examined the merits of the appeal, and have concluded to affirm the judgment on the opinion of the court below. It was claimed by the appellant, on the argument, that the court below had overlooked the judgment of $145.04, recovered January 20, 1887. It is not specifically referred to in the opinion delivered below, but it falls within the principle of the decision.
The action was commenced April 7,1887, and the plaintiff’s rights must be determined as they existed at the time of the commencement of the action. Whiting v. Dowdall, 21 Hun, 105, citing Wisner v Ocumpaugh, 71 N. Y., 113. It was claimed upon the argument, and not disputed, that this cause of action was not put into the complaint until May 23, 1887, on which day the amended complaint was served. The payment to the Southern Trust Company was made May 6, 1887, seventeen days before notice of the $145.04 claim was received by the defendant, who, at the time of the payment, had the legal right to assume that the action related solely to the cause of action stated in the then existing complaint. In addition to this the complaint is silent as to whether execution issued to the sheriff on this judgment was returned, so that it does not affirmatively appear by the complaint that the execution was returned before this action was commenced, and this was a condition precedent. Richards v. Beach, 12 N. Y. St. R., 136.
As Judge Nehrbas says: “It is a rule of pleading that on a demurrer the court will consider the whole record and give judgment for the party who, upon the whole, appears to be entitled to it. Thus, where the plaintiff demurred to the defendant’s plea, if his declaration is bad, judgment *730 will be rendered for the defendant. ” Moak’s Van Santvoord’s Pleadings, 3d Ed., 732, and cases cited; Van Alstyne v. Freday, 41 N. Y., 174.
It follows that the judgment appealed from must be affirmed, with costs.
McGown and Pitshke, JJ., concur.