EDISON GENERAL ELECTRIC COMPANY, Appellant, *v.* JOHN F. ZEBLEY, Respondent, Impleaded with Another.

*Indorser of a note before its delivery to the payee — pleading and proof necessary to a recovery by the payee against such indorser.*

In an action brought to recover the amount secured to be paid by a number of promissory notes drawn by the defendant, the Eastern Electric Company, Limited, payable to the order of the plaintiff, and bearing the indorsement of the defendant Zebley, the complaint alleged that the notes were "duly indorsed by the defendant John F. Zebley, for value, before said delivery" to the plaintiff, and set up copies of the notes.

On appeal from a judgment sustaining a demurrer interposed to the complaint by Zebley, on the ground that it did not state facts constituting a cause of action as against him,

*Held,* that the facts stated in the complaint were not sufficient to destroy the legal presumption that the defendant Zebley intended to become an indorser subsequent to the payee;

That the rule is well settled in this State that, from the face of the paper, without explanation, such is the presumption created by an indorsement of this kind ; that such an indorser is not liable to the payee, and that the demurrer should be sustained.

APPEAL by the plaintiff, Edison General Electric Company, from an interlocutory judgment of the Supreme Court in favor of the defendant, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 4th day of May, 1893, sustaining a demurrer interposed to the complaint by the defendant John F. Zebley.

*W. Laird Goldsborough*, for the appellant.

*Amasa A. Redfield*, for the respondent.

PER CURIAM:

The indorser Zebley demurred to the complaint on the ground that it did not state a cause of action as against him.

After certain formal averments the complaint alleges (paragraph 4th) as follows: " That heretofore and on or about the 8th day of February, 1892, at the city and county and State of New York, the Eastern Electric Company made and delivered to the plaintiff, for value, a certain promissory note in writing, which said note was duly indorsed by the defendant John F. Zebley, for value, before said delivery, in words and figures following, to wit: " and then follows a copy of the note.

The question on this appeal is, whether or not such an allegation is sufficient to charge the respondent Zebley as an original party to the several notes in suit, or as privy to the consideration for which they were given by the maker to the payee.

Undoubtedly the rule is well settled, as stated in *Coulter* v. *Richmond* (59 N. Y. 478), that: " In this State it has been repeatedly held, and is too strongly settled by authority to be disturbed, that a person making such an indorsement is presumed to have intended to become liable as second indorser, and that on the face of the paper, without explanation, he is to be regarded as second indorser, and of course not liable upon the note to the payee, who is supposed to be first indorser."

Are the facts stated in the complaint sufficient to destroy the legal presumption that the indorser wrote his name for the accommodation of the maker, intending to become indorser subsequent to the payee ? We think not, and concur with the court below in sustaining the demurrer.

Great reliance has been placed upon the case of *Lynch* v. *Levy* (11 Hun, 145), which it is claimed is on all fours with the case at bar, as establishing a new rule for determining the sufficiency of the complaint in an action of this character against an indorser. An examination, however, of that case will show that the court had in mind the rule of law and the legal presumption which has been stated, but held that the allegations in that complaint stated a suffi-

cient cause of action; and the learned judge writing the opinion recognizes the settled rule of law in this State, and correctly says: "There can be no doubt that if in such a case as this there are allegations showing that the indorsement was made to give the maker credit with the payee, the action can be maintained." This is but another way of stating that the legal presumption, that an indorsement upon a promissory note made before that of the payee is a second indorsement, may be overcome by proper allegations showing that the person so indorsing the note intended to charge himself either as joint maker, guarantor or surety. There being an absence of such allegations in the complaint in this case, the demurrer was properly sustained by the court below, and the judgment should be affirmed, with costs.

Present — O'BRIEN, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.