## McMORAN v. LANGE.

(Supreme Court, Appellate Division, Third Department. January 20, 1898.)

1. JUDGMENT ON PLEADINGS.
   The defendant, in opposing a motion for judgment on account of the frivolousness of his answer, has a right to attack the complaint.

2. ACTION ON NOTE—COMPLAINT—SUFFICIENCY.
   Where an action on a note was begun prior to Laws 1897, c. 612, § 114, providing that when a person, not otherwise a party, indorses in blank, before delivery, an instrument payable to the order of the other party, he is liable as indorser to the payee; and the complaint alleged that the defendant made the note, and delivered it to the plaintiff, and that the indorser indorsed the note prior to its delivery; but it did not allege that the note was indorsed to give the maker credit with the payee, or as surety for the maker, as required by the law prior to the act of 1897,— it is fatally defective, and the defect is not cured by said act of 1897,

since it makes a different obligation on negotiable instruments, and cannot affect prior contracts.

**8. APPEAL—COSTS.**
> Under Code Civ. Proc. § 3238, providing that the respondent is entitled to costs on affirmance, and the appellant upon reversal, of the judgment appealed from, the appellate court has no discretion in regard to the costs of appeal where the judgment is reversed.

Appeal from special term.

Action by Annie E. McMoran against Margaret J. Lange, impleaded with another. From a judgment for plaintiff entered upon an order granting a motion of the plaintiff for judgment upon the answer, and directing that judgment be entered as prayed for in the complaint, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Mr. Lockwood, for appellant.
Mr. Lester, for respondent.

MERWIN, J. The defendant, in opposing the motion for judgment on account of the frivolousness of the answer, had a right to attack the complaint. Van Alstyne v. Freday, 41 N. Y. 174; Wilkin v. Raplee, 52 N. Y. 248–251. The complaint, according to numerous decisions (Electric Co. v. Zebley, 72 Hun, 166, 25 N. Y. Supp. 389; McPhillips v. Jones, 73 Hun, 516, 21 N. Y. Supp. 101; Woodruff v. Leonard, 1 Hun, 632; Draper v. Manufacturing Co., 2 Abb. N. C. 79), was fatally defective, unless, as claimed by the plaintiff, the defect was obviated by the provisions of section 114 of the negotiable instruments law (chapter 612 of the Laws of 1897), taking effect October 1, 1897. The order for judgment was made at special term in June, 1897. The action was upon a promissory note dated July 30, 1896, made by the defendant Charles E. Lange, and payable to the order of the plaintiff, three months after date. The allegation of the complaint is that the defendant Charles E. Lange made the note, a copy of which was set out, "and delivered the same to the plaintiff; and the said Margaret J. Lange, before the delivery thereof to the plaintiff, indorsed the said note; and the same was thereupon, and before it came due, for value received, duly transferred to the plaintiff, who then became, and still is, the owner and holder thereof." There was no allegation that Margaret indorsed it in order to give the maker credit with the payee, or as surety for the maker. An allegation to that effect is held to be necessary in the cases above cited. By section 114, above referred to, it is provided that when a person, not otherwise a party, indorses in blank, before delivery, an instrument payable to the order of a third party, he is liable as indorser to the payee. According to the law as it stood when the action was commenced, certain facts must exist beyond the simple fact of indorsement in order to make the defendant liable. The subsequent statute makes a different obligation, and therefore does not affect prior contracts. We are of the opinion that this act, not taking effect till October 1, 1897, does not help the plaintiff on this appeal. It follows that the order for judgment was improperly grant-

ed. It seems that, under section 3238 of the Code, we have no discretion as to the costs of the appeal.

Judgment and order reversed, with costs, and motion denied. All concur.