THE EXCHANGE FIRE INSURANCE COMPANY of the City of New York, Respondent, *v.* JOHN G. NORRIS and Others, Defendants; ALBERT I. SIRE and Another, Appellants.

*When an answer is not frivolous — tender of money — unnecessary, in order to extinguish a mortgage lien, to pay it into court.*

If the question as to whether an answer sets up a defense or not requires argument, the pleading is not frivolous.

It is not necessary, in order to make a tender, which is sufficient to extinguish the lien of a mortgage, to keep it good and to pay the money into court.

Where a tender has only the effect of extinguishing the lien, and not of discharging the debt, it is not necessary to bring the money into court.

APPEAL by the defendants, Albert I. Sire and Meyer L. Sire, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 25th day of September, 1893, upon the report of a referee adjudging the foreclosure and sale of certain mortgaged premises, and also from an order made at the New York Special Term, and entered in said clerk's office on the 22d day of September, 1893, directing the entry of a judgment upon the answer of the defendants, and appointing a referee, etc.

*A. J. Sire,* for the appellants.

*E. F. Brown,* for the respondent.

VAN BRUNT, P. J.:

The complaint in this action is the ordinary pleading upon the part of the plaintiff for the foreclosure of a mortgage upon failure to pay interest when due. The answer alleged an agreement extend-

ing the time of payment, and also a tender to the plaintiff before suit brought of the whole amount of interest due, and a refusal upon the part of the plaintiff to accept.

It seems to be apparent that the learned judge who heard the motion in the court below did not think the answer was frivolous, because he thought it necessary to write quite a lengthy opinion for the purpose of showing that no defense was set up by the defendants.

It is also equally true that the learned counsel for the respondent does not think that the answer is frivolous, as he has submitted lengthy points upon the question as to whether any defense is set up in the answer or not.

It has been too often determined to require demonstration here that if the question as to whether an answer sets up a defense or not requires argument, the pleading is not frivolous.

The ground upon which the respondent claims that the tender was a nullity was because it was not kept good and the money paid into court. That this is not necessary in order to make a tender extinguish the lien of a mortgage was held so far back as the case of *Kortright* v. *Cady* (21 N. Y. 343). And it may very well be argued that by the tender of the interest, which was due at the time of the tender, and which was all that was due (as there was no evidence of any election at that time upon the part of the plaintiff), the lien of the mortgage, to that extent, may have been extinguished. In such cases it is not necessary in order to defeat the lien that the tender should be kept good. It was held in *Cass* v. *Higenbotam* (100 N. Y. 248–253) that where a tender has only the effect of extinguishing the lien and not of discharging the debt, bringing the money into court is not required. The defendant undoubtedly set up a defense of greater gravity than he imagined at the time he pleaded it.

It seems to us that the pleading is clearly not frivolous and that the order should be reversed, with ten dollars costs and disbursements.

O'Brien and Parker, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.