that the complaint states a cause of action. The contract is a part of the complaint. It is alleged that, excluding the 1,000 cords that were reserved by the defendant, the land embraced in the contract actually produced 992½ less than three cords per acre; that the plaintiff has made payments on the contract and, relying on its provisions, has overpaid the defendant for all liability existing under the contract from the plaintiff to the defendant the sum of $992.50; that in consequence of such overpayment the defendant is liable to repay the same to plaintiff and the plaintiff has, before suit, demanded the same, and no part thereof has been paid; that the plain-

tiff has fully performed all of the provisions of the contract to be performed by him. It is suggested on the part of the defendant that he has already paid $1 per cord for the 1,000 cords reserved, and that this action is to recover for a deficiency beyond that. This, however, does not appear from the complaint. It follows that the demurrer is not well taken and that the judgment must be reversed. Interlocutory judgment reversed, without costs of appeal to either party, and demurrer overruled, with costs, with leave to the defendant to answer on payment of the costs of the demurrer. Present—Hardin, P. J., Martin and Merwin, JJ.

---

## FIRST DEPARTMENT, MARCH TERM, 1895.

The Soldiers' Orphan Home of St. Louis, Appellant, v. Russell Sage and Others, Respondents.— Order vacating order for examination affirmed, with ten dollars costs and disbursements, with leave to renew upon proper affidavits upon payment of the motion costs below and ten dollars costs and disbursements of this appeal. No opinion.

The Soldiers' Orphan Home, etc., Appellant, v. Russell Sage and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Mercy A. Townsend, Appellant, v. Daniel Kent, Respondent.— Order affirmed, with ten dollars costs and disbursements.

The People of the State of New York, Respondent, v. John Garvey, Appellant.— Judgment reversed, new trial ordered. No opinion.

The Exchange Fire Insurance Company of the City of New York, Respondent, v. John G. Norris, Appellant, Impleaded, etc.— Judgment affirmed, with costs. No opinion.

In the Matter of John P. M. Brewster.— Order affirmed, with ten dollars costs and disbursements. No opinion.

August Wuensch, Respondent, v. Albert Pulitzer, Prest., Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

In the Matter of Warren H. Dixon.— Order reversed as to Stratton and Brooks and affirmed as to Brady and Meyer as stated in opinion, without costs.—

PER CURIAM: Those only could be adjudged guilty of contempt who interfered with the possession of the receiver; and, upon the affidavits presented, we think that no case was made out as against Stratton and Brooks. The money which in the alternative was to be paid unless the goods were returned, if paid, should be held by the receiver until the title of the receiver to the property can be determined in an appropriate proceeding; and if it can then be shown that some or all of this property belonged to Brady, and that under the chattel mortgage it was legally sold to Snider, then Brady would be entitled to receive the amount which by the order is directed to be paid. The order is accordingly reversed as to Stratton and Brooks, and, subject to the suggestion about the manner in which the money should be paid, affirmed as to Brady and Meyer, without costs. Present— Van Brunt, P. J., O'Brien and Follett, JJ.

Thomas Nolan, Respondent, v. The Rockaway Park Improvement Company (Limited), Appellant.—Judgment affirmed, with costs.—

VAN BRUNT, P. J.: A different question seems to be presented upon this appeal from that which was presented when the case was previously before this court. It is claimed upon the part of the plaintiff that he was upon the beach in question under a permission given by the defendant's superintendent, in good faith, intending to serve a process, and that the defendant's servant ejected him while the license remained unrevoked. It was claimed upon the part of the defendant, however, that this claim of permission and of attempting to serve process was a fiction, and that the plaintiff went upon the premises in question simply for the purpose of vindicating his rights as a citizen of this State so to do. The jury found by their verdict that the plaintiff's claim was correct and gave him damages accordingly. We do not see that we can interfere with the finding of the jury, there being competent evidence upon which it was found. It is further claimed that the learned court erred in the commencement of its charge to the jury, wherein it stated that the first question for the jury to determine was: "Had the defendant company actually appropriated and applied the beach as a bathing place in connection with this upland? If it had, then the plaintiff, under the opinion of the appellate branch of this court, had no right to trespass upon the beach." Upon the attention of the court being called to this proposition, the court withdrew it from the consideration of the jury, construing the opinion of the court upon the previous appeal and charging the propositions of the defendant in respect to its title and right of exclusive possession and right to exclude the plaintiff. It is difficult to see how the learned judge could have been more explicit in withdrawing the question objected to from the consideration of the jury. They were expressly instructed that, unless the plaintiff had permission to go upon the beach and intended in good faith to serve the process, the defendant had the right to eject him. We think the judgment must be affirmed, with costs. O'Brien and Follett, JJ., concurred.

Joseph L. Woodbridge and Another, Respondents, v. John S. Wise and Another, Appellants.—Judgment affirmed, with costs, on opinion of referee.

The People of the State of New York ex rel. Patrick T. Morris v. James J. Martin and Others, Commissioners, etc.— Writ dismissed, with costs.—

PARKER, J.: The captain of the second precinct, about October 23, 1889, charged Pa-

85 617
155a 643

1 85 617
149a 589