(13 Misc. Rep. 192.)

GERMAN EXCH. BANK v. NEW JERSEY & S. D. BREWING CO. et al. (two cases).

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. PLEADING—COMPLAINT—SINGULAR INSTEAD OF PLURAL FORM.
   The complaint in an action against several defendants is not fatally defective because it alleges that notice of presentment, etc., was given to "defendant," the use of the singular instead of the plural number being merely a clerical error. Chamberlin v. Kaylor, 2 E. D. Smith, 134, followed.

2. SAME—FRIVOLOUS ANSWER—MOTION FOR JUDGMENT.
   A motion for judgment on an answer, as frivolous, will not be granted where argument is necessary to show the insufficiency of the answer.

Appeal from special term.

Two actions by the German Exchange Bank against the New Jersey & San Domingo Brewing Company and others on promissory notes. From an order in each case granting a motion for judgment on the answer of defendant Kroder as frivolous, said defendant appeals. Reversed.

The complaint, and the answer of defendant Kroder, are as follows:

"The plaintiff, by John Fennel, its attorney, complains and alleges, upon information and belief: (1) The plaintiff was at all the times hereinafter stated, and now is, a corporation duly organized under the laws of the state of New York; and the New Jersey & San Domingo Brewing Company, one of the defendants, was at all the times hereinafter mentioned, and now is, a corpora-

tion duly organized under the laws of the state of New Jersey. (2) That the defendant the New Jersey & San Domingo Brewing Company, by its certain promissory note in writing, dated on July 30, 1894, for value received, promised to pay to its order the sum of five thousand dollars, four months after the said date, at German Exchange Bank, New York City; and the said defendants, the New Jersey & San Domingo Brewing Company, Theodore Krüger, John Kroder, Frederick Orth, and Jacob Zahn, afterwards, for value received, indorsed the said note, and the same, so indorsed, was thereafter, before maturity, for value received, transferred and delivered to this plaintiff, who now holds the same. (3) That said note was duly presented for payment, and payment demanded, at maturity, at the place where said note was so payable, and payment was refused, whereupon said note was duly protested for nonpayment, and notice of such presentment, demand, and refusal was thereupon duly given to the defendant. The necessary expense of said protest was $1.35. Wherefore, the plaintiff demands judgment against the defendant for the sum of $5,001.35, with interest thereon from December 3, 1894, besides the cost and disbursements of this action."

"The amended answer of the defendant John Kroder to the complaint: (1) He denies that he has any knowledge, or information sufficient to form a belief, as to the allegation that plaintiff is a corporation duly organized under the laws of the state of New York. He admits, on information and belief, that the defendant the New Jersey & San Domingo Brewing Company claims to be a corporation of the state of New Jersey, but he denies that he has any knowledge or information as to the allegation that said company is a corporation duly organized under the laws of the state of New Jersey. (2) He denies that this defendant, for value received, indorsed the note mentioned and described in paragraph 2 of the complaint, and that after being so indorsed, for value, to this defendant, said note was transferred and delivered to this plaintiff. (3) He denies that he has any knowledge, or information sufficient to form a belief, that said note was duly presented for payment, and payment demanded, at maturity, at the place where said note was made payable, and payment refused, and that thereupon said note was duly protested for nonpayment, and that notice of such presentment, demand, and refusal was given to the defendants company, Krüger, Orth, and Zahn, and that the necessary expense this protest was $1.35. And for a further and separate defense this defendant alleges, upon information and belief: (4) That the defendant did not receive any consideration whatever for his indorsement of said note, and he was only an accommodation indorser, all of which was well known to the plaintiff at the time it received said note. And for a further and separate defense, and also as an affirmative claim against the defendants Krüger, Orth, and Zahn, this defendant alleges: (5) That the note referred to and described in the complaint was one of a series of notes, all made and signed like the note set forth in the complaint, and given to plaintiff. That before the note mentioned and described in the complaint was indorsed by this defendant, and before certain other notes, of said series of notes, were indorsed by this defendant, it was agreed by the defendants Orth, Krüger, and Zahn, with this defendant, that they would each pay one-third of the notes, when due and payable, including the note referred to and described in the complaint, and that this defendant was not to pay any part thereof. That, as this defendant is informed and believes, the plaintiff accepted and received said series of notes made after said agreement, including the note referred to in the complaint, with knowledge of, and under and in pursuance and subject to, said agreement. That, as this defendant is informed and believes, when several of said series of notes became due, said bank accepted ten per cent. of the amount due, and accepted a new note for the balance, which new notes were made and indorsed, and were received by plaintiff, under and subject to said agreement. That the ten per cent. so paid was paid under said agreement by defendants Orth, Krüger, and Zahn, and this defendant did not contribute thereto. All of which, as this defendant is informed and believes, was known to plaintiff at the time it received said ten per cent. That said agreement was made to induce, and did induce, this defendant to indorse said series of notes, and the note referred to and described in the complaint, but this defendant received no consideration whatever for said indorsement. That several of

said series of notes were discounted by plaintiff before this defendant indorsed the same, plaintiff knowing of said agreement. That the note referred to in the complaint was indorsed by this defendant under said agreement, and, as he is informed and believes, was received and accepted by plaintiff under and subject to said agreement. That said note referred to in the complaint was one of said series of notes; was a renewed note made for the balance due on a previous note of said series, on which plaintiff received ten per cent., which was paid by defendants Krüger, Orth, and Zahn as aforesaid. That defendants Krüger, Orth, and Zahn violated their agreement with this defendant, in not paying the note mentioned and described in the complaint as they had agreed to do as aforesaid; and plaintiff, before this action was brought, knew of said violation of said agreement. And, for a further affirmative claim against the defendant the New Jersey & San Domingo Brewing Company, this defendant alleges: (6) That, after this defendant indorsed said note referred to and described in the complaint, said defendant Krüger, as president of, and on behalf of, the defendant the New Jersey & San Domingo Brewing Company, agreed with this defendant, in consideration of his indorsing a certain other note of $5,000 and a certain other note of $2,000, that the said defendant company would raise a sufficient sum of money before the maturity of the note referred to and described in the complaint herein, by a mortgage upon its real and personal property, and that from the sum so raised the note referred to in the complaint herein, as well as the other notes referred to, of $5,000 and $2,000, respectively, which the defendant was requested to indorse, should be paid. That such sum was raised, and a mortgage given by said company to the defendant Orth, before the note referred to in the complaint herein became due and payable. That, as this defendant is informed and believes, out of the sum so realized, the note for $2,000 which he had so indorsed was paid; but the other note which he had indorsed, and the note referred to in the complaint herein, was not paid, as provided by said agreement, and the defendant company has violated its said agreement in this regard with this defendant. That there was an utter failure of consideration to this defendant in indorsing the note referred to in the complaint herein. Wherefore, this defendant demands judgment that the complaint be dismissed, with costs, and for such other judgment and relief against his codefendants the New Jersey & San Domingo Brewing Company and Krüger, Orth, and Zahn as may be just and proper.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

Henry Schmitt, for appellant.
John Fennel, for respondent.

BISCHOFF, J. These actions were brought upon respective promissory notes made by the defendant brewing company, and indorsed by the other defendants. A motion was made in each action for judgment upon the separate answer of the defendant Kroder and the joint answer of his codefendants, as frivolous; and the motion was granted as against defendant Kroder, who has taken these appeals. The pleadings are identical in each action, and may, practically, be considered as upon one appeal.

A point is made by the appellant that the complaint fails to disclose a cause of action as against him, and hence the plaintiff could not be heard to say that the answer was frivolous (Munger v. Shannon, 61 N. Y. 251); this contention being founded upon the wording of the allegation in the complaint with regard to the essential fact of notice of presentment having been given the defendant indorsers, and which reads as follows: "Notice of such presentment, demand, and refusal was thereupon duly given to the defendant." It is claimed that a fatal defect appears, in that the singular and not the

plural of the word "defendant" was thus used; but an express adjudication of this court is found to support the complaint in this aspect (Chamberlin v. Kaylor, 2 E. D. Smith, 134), and therefore the point presented does not affect the merits of the order appealed from.

We think, however, that the question raised by the pleadings should not have been determined adversely to this defendant upon a motion for judgment upon the answers as frivolous. A motion of this character is in its nature summary, may be made upon five days' notice (Code Civ. Proc. § 537), as was done in this case, and is to be determined in favor of the adverse party, unless a mere inspection of the alleged defective pleading discloses its frivolousness in a degree which would render argument impertinent. Youngs v. Kent, 46 N. Y. 672; Cook v. Warren, 88 N. Y. 37; Bank v. Swift (Sup.) 13 N. Y. Supp. 526. Argument may demonstrate the insufficiency of the pleading, but that argument is to be presented and considered upon the trial of the issues of law raised by demurrer or upon a motion for judgment when the cause is actually brought to trial upon the facts. Upon examination of the answers before us, we find that there may be some room for question as to whether our disapproval of their sufficiency, merely upon inspection, would not be more hasty than just; and while unhesitating approval might be given to the opinion delivered at considerable length by the learned judge at special term, and to the argument of respondent's counsel, which is principally founded upon that opinion, we view the discussion noted to have been essential to the conclusion reached, and the result not one to be arrived at upon the motion as instituted. That in such a case a reversal of the order should follow was held in Insurance Co. v. Norris, 74 Hun, 527, 26 N. Y. Supp. 823.

Orders appealed from reversed, with costs and printing disbursements. All concur.