(24 Misc. Rep. 577.)

### STARKE v. MYERS.

(Supreme Court, Special Term, New York County. August, 1898.)

1. COUNTERCLAIM—CLAIMS IN DIFFERENT CAPACITIES.
   Counterclaim against one individually cannot be maintained on a claim held by him, as executor, in favor of the estate.

2. SAME—PLEADING.
   An answer in an action on a contract by an assignee thereof, alleging that at the time of the making thereof defendant transferred to plaintiff's assignor certain securities as collateral security for payment of the debt, which, by the contract, defendant undertook to pay; that the assignor then agreed to return the securities, and give releases in a certain form; and that defendant had tendered to plaintiff, after the commencement of the action, the whole amount claimed, and demanded a return of the securities, which was refused, and that plaintiff had converted them to his own use,—while stating a good counterclaim if it were enough that it arose out of the transaction set forth in the complaint, and was connected with the subject of the action, fails to state a good counterclaim on the ground of a conversion, for the reason that it does not state that the securities ever came into plaintiff's hands; and is not sufficient as a defense, the tender not having been kept good.

Action by Arthur Starke against Ellen Myers. Plaintiff demurs to counterclaims. Demurrers sustained.

John A. Garver, for plaintiff.
E. Luther Hamilton, for defendant.

LAUGHLIN, J. This case presents issues of law arising on demurrers to two counterclaims. The complaint alleges that John Cameron, as executor of Michael Solomon, had certain claims against the defendant, which they compromised, fixed, and adjusted at £5,000 by a written agreement on September 30, 1894, and that the defendant paid £2,500 thereof, and agreed to pay the balance six months after the death of testator's widow, Adelaide Solomon, and interest semiannually on the 1st days of April and October at the rate of 5 per cent. It is further alleged that Adelaide Solomon died August 20, 1896; that the interest which fell due since October, 1896, has not been paid, and that such executor, on September 20, 1896, assigned said contract and all his claims thereunder as executor to the plaintiff. The answer denies the making of the agreement as alleged, and avers that the agreement was made by John Cameron, as such executor, of the first part, the defendant individually and as executrix of her deceased husband, Elijah Myers, of the second part, and E. Luther Hamilton and Altamont De Cordova, as trustees, of the third part. The answer also puts in issue the assignment and the rate of exchange on interest and principal. The third count of the answer alleges as a counterclaim, without a demand for affirmative relief, that before the

assignment John Cameron, plaintiff's assignor, received and collected for the use of the defendant upward of $16,000, moneys belonging to the defendant, and which the defendant demanded before the commencement of this action, and which said Cameron still holds and refuses to pay over. The plaintiff demurs to this counterclaim on the ground that it is insufficient in law on the face thereof. The counterclaim is against Cameron individually, while the claim which he held and assigned to the plaintiff was in favor of the estate of the testator. He, as executor, merely took a new agreement for an old debt due to the testator. It is well settled that claims against an executor or administrator individually cannot be offset against claims in his favor in a representative capacity as trustee for the estate. Code Civ. Proc. § 502, subd. 3; Weeks v. O'Brien, 25 App. Div. 207, 208, 49 N. Y. Supp. 344; Thompson v. Whitmarsh, 100 N. Y. 35, 2 N. E. 273; Sperb v. McCoun, 110 N. Y. 605, 18 N. E. 441; Hood v. Hayward, 124 N. Y. 24, 26 N. E. 331. This demurrer is therefore well taken, and it must be sustained.

The fourth count of the answer alleges as a counterclaim that at the time of making the agreement the defendant assigned and transferred to plaintiff's assignor and to said trustees securities of the value of $16,000 as collateral security for the payment of said indebtedness, and that after the commencement of this action the defendant tendered to the plaintiff the whole amount claimed in the complaint, together with the accrued interest and costs, and demanded of him a return of such securities, which was refused; and that the plaintiff converted the securities to his own use, to the defendant's damage in the value thereof. It is alleged that two of the securities—a bond and mortgage for $5,500—were so assigned to the trustees, and that the remaining securities, consisting of a claim in favor of the defendant, as executrix of the will of Elijah Myers, for a legacy under the will of said Michael Solomon, and of a claim in favor of defendant, as such executrix, for commissions of said Elijah Myers, as executor of said last-named will, were assigned to the plaintiff's assignor. It is not alleged that such securities ever came into the hands of the plaintiff, and it appears that the bond and mortgage were to remain in the hands of the trustees; but it is alleged that it was part of the agreement that the plaintiff's assignor was to return the securities, together with releases in forms agreed upon of all claims with respect to the indebtedness, and that the plaintiff failed and refused so to do. The plaintiff demurs to the counterclaim on three grounds, namely: (1) Insufficiency in law; (2) facts stated not sufficient to constitute a cause of action; (3) not of the character allowed by law, because not arising out of the transaction set forth in the complaint, nor connected with the subject of the action, nor is it an action on contract existing at the commencement of the action. I think this counterclaim, if it were otherwise good, arises out of the transaction set forth in the complaint, and connected with the subject of the action. It arises out of the very contract sued upon. The defendant was entitled to have the securities returned to her, and to receive the releases provided for in the agreement, on paying the indebtedness, interest, and costs, and she was not obliged to make the payment until the plaintiff was pre-

pared to return the securities and deliver the releases; and, had she kept her tender good, and alleged that fact in her answer, that would have constituted a complete defense to the action. Halpin v. Insurance Co., 118 N. Y. 166–177, 23 N. E. 482; Becker v. Boon, 61 N. Y. 317. The defendant contends that this counterclaim can be sustained under the rule of law that a tender, even though not kept good, and after suit brought on a contract of indebtedness, will release securities pledged as collateral for the debt, and that a failure thereafter to surrender up and return the securities will constitute a conversion, which may be properly pleaded as a counterclaim in the action. Cass v. Higenbotam, 100 N. Y. 248, 3 N. E. 189; Insurance Co. v. Norris, 74 Hun, 527, 26 N. Y. Supp. 823; Norton v. Baxter (Minn.) 42 N. W. 865. There could, however, be no conversion of the pledged securities by the plaintiff unless he had possession or control thereof, and the defendant's failure to allege these essential facts renders this rule of law inapplicable to the case at bar.

The plaintiff took the assignment of the contract subject to all the equities between the parties, and all their rights and liabilities arising out of the contract should be settled here. Of course, in this action, brought by an assignee of a claim, the defendant would only be entitled to the benefit of the counterclaim in case the plaintiff establishes a cause of action against her, and only to that extent, and as an offset thereto; and no affirmative judgment can be allowed, for it is not alleged that the plaintiff assumed all the liabilities of his assignor under the contract. Code Civ. Proc. § 502, subd. 1. I am of the opinion that no proper counterclaim is sufficiently set forth in the answer, and the demurrer must be sustained. The defendant should, however, be permitted to amend her answer so as to present properly any defense or counterclaim she may have in the premises.

The issues of law arising on the demurrer in the action between the same parties designated "No. 2," and submitted on the arguments and briefs in this action, are in all respects similar to those here considered, and are disposed of in like manner. The demurrers in this action are sustained, with leave to the defendant to amend her answer within 20 days on payment of one bill of costs of the demurrers and the demurrers in action No. 2 are sustained, with costs to abide the event, and with leave to the defendant to serve an amended answer within 20 days. Ordered accordingly.