may be other lawyers in New York by the name of Julius Lehmann, notwithstanding the alleged libelous article states that there is none other mentioned in the city directory. This might be so, but the plaintiff alleges further that the article was "published of and concerning the plaintiff." The defendant claims that this allegation is not admitted by the demurrer, citing the cases of Bosi v. Herald Co., 33 Misc. Rep. 623, 68 N. Y. Supp. 898; Fleischmann v. Bennett, 87 N. Y. 231; Wellman v. Publishing Co., 66 Hun, 331, 21 N. Y. Supp. 577; Kennedy v. Publishing Co., 41 Hun, 422; Zinserling v. Journal Co., 26 Misc. Rep. 591, 57 N. Y. Supp. 905,—to support his contention. These cases are not authority for the proposition urged. They do not go to that extent. As I interpret their effect, they hold that a cause of action cannot be created by the use of the allegation of publication "of and concerning the plaintiff," but by section 535 of the Code of Civil Procedure these words are given the effect of the allegation of all extrinsic facts showing the application of the alleged libelous article to the plaintiff, and, if the facts alleged are not at variance with the allegation that it was published of and concerning the plaintiff, that allegation must be given its due and proper effect as an allegation of fact. It is only where the facts alleged are at variance with this allegation that they must be disregarded. In this case, however, there are no facts alleged at variance with the allegation that the article was published of and concerning the plaintiff. Holding these views, it follows that the demurrer must be overruled, with leave to plead anew upon payment of costs.

Demurrer overruled, with leave to plead anew upon payment of costs.

---

(35 Misc. Rep. 519.)

### KIRKBRIDGE v. WILGUS.

(Supreme Court, Special Term, New York County. March, 1902.)

1. PARTNERSHIP—HOLDER OF FIRM NOTE—ACTION AGAINST ONE PARTNER.
    Where the holder of a firm note brings suit on it against one of the partners of the firm, and where the judgment recovered remains unsatisfied, he may maintain suit against the other partner for the unpaid balance.

2. SAME.
    A complaint, in an action against one partner on a firm note after an action against the other partner and judgment, which explains why the action was so brought, is not demurrable.

3. FRIVOLOUS DEMURRER.
    A demurrer is frivolous only when it is clearly bad on its face, and requires no argument.

Action by George B. Kirkbridge against Augustus B. Wilgus. Judgment for plaintiff on a frivolous demurrer to the complaint. Reargument denied.

W. L. Sawyer, for the motion.
W. Brauns, opposed.

GILDERSLEEVE, J. The application is for a reargument of the motion for judgment on a demurrer to the complaint as frivolous.

The rule undoubtedly is that unless the demurrer is clearly bad on its face, and no argument is needed to demonstrate its frivolity, it should not be overruled as frivolous. See Bank v. Kroder, 13 Misc. Rep. 192, 34 N. Y. Supp. 133; Hopper v. Ersley, 3 Misc. Rep. 340, 22 N. Y. Supp. 1050. Upon examination of the pleadings on this motion, it seemed to me that the demurrer in the case at bar came within the requirements of this rule, and I therefore granted the motion. However, as defendant applies for a reargument, I feel called upon to state my reasons for this decision.

The demurrer herein is based on an alleged defect of parties defendant. The complaint alleges that defendant Wilgus was in partnership with one Lindsay, and that said firm made two promissory notes, set forth in the complaint, in favor of plaintiff, upon which notes the plaintiff's cause of action is based. Although the contract was a copartnership obligation, only one of the two partners is made defendant herein, and the reason for not bringing in the other partner is stated in the complaint to be that a judgment has already been obtained on this demand (i. e., these notes) against the other partner, upon which judgment only a very small part has been paid, to wit, $50, which sum was partly for costs; and the complaint states that the rest, viz., $30.46, may be credited toward interest on the unpaid claim. The reason why Wilgus was not made a party in the suit against Lindsay is also stated.

Section 1946 of the Code provides that:

"Where, for any cause, one or more partners have not been joined as defendants in an action upon a partnership liability, and final judgment has been taken against the persons made defendants therein, the plaintiff, if the judgment remains unsatisfied, may maintain a separate action upon the same demand, against each omitted partner, setting forth in the complaint the facts specified in this section, as well as the facts constituting his cause of action upon the demand."

The plaintiff in the case at bar, as appears from the complaint, has closely followed the practice indicated by the above-quoted section of the Code. For the reason that this fact appeared on the face of the complaint, which sets forth a good cause of action, I concluded that the demurrer was bad on its face, and granted the motion, as I have above stated. The defendant's counsel refers me to the cases of Polack v. Runkel, 56 App. Div. 366, 67 N. Y. Supp. 753, and Oakes v. Oakes, 55 App. Div. 576, 67 N. Y. Supp. 427. The first holds that "where one of two causes of action set out in a complaint in an action brought against three defendants as members of a firm, and also against one of them individually, does not relate to the latter in his individual capacity, his demurrer to such cause of action should be sustained, and that there is a substantial difference between a judgment entered against a person sued individually and a judgment rendered against the same person sued as a member of a copartnership." The state of facts in that case differs largely from those in the case at bar, and the doctrine there laid down has little direct bearing upon this motion. In the case of Oakes v. Oakes, Mr. Justice Patterson says that, if the question were directly presented, he "might disapprove of the practice of applying by special motion for judgment upon a pleading

at special term, instead of awaiting a trial of the issues of law or of fact in the ordinary manner, and in the appropriate branch of the court." Section 537 of the Code, however, provides that if a demurrer, answer, or reply is frivolous, the party aggrieved thereby may apply to the court, or to a judge of the court, for judgment thereon. The plaintiff, therefore, was well within his legal right in making this motion, and the court is bound to act on such motion. I must deny the application for a reargument.

Application for a reargument denied.

---

BERGER MFG. CO. v. ZABRISKIE et al.

(City Court of New York, Trial Term. February 5, 1902.)

1. LEASE—CONSTRUCTION—PROVISION AGAINST ALTERATIONS—VIOLATION—RIGHT TO MECHANIC'S LIEN.

Tenants who, without the landlord's knowledge, put in complete new metal walls and ceilings in place of old plaster walls and ceilings, violated a provision in the lease that they would "not make any alterations without the written consent of the landlord," and the party doing the work could not acquire a mechanic's lien on the building therefor.

2. SAME—AGREEMENT OF TENANT TO REPAIR.

A provision in a lease that the tenants shall make all repairs. etc., is not such a consent on the part of the landlord that a third party shall furnish labor and materials as to give the latter a mechanic's lien therefor, especially in the absence of any notice or knowledge on the landlord's part from which such consent can be implied.

Action by the Berger Manufacturing Company against Andrew J. Zabriskie and others. Judgment in favor of defendant Zabriskie, and against the other defendants

Mr. Keane, for plaintiff.

Mr. Hubbard, for defendants.

O'DWYER, J. Action brought to foreclose a mechanic's lien against property of which the defendants Wundt & Coogan were tenants in possession, and the defendant Zabriskie was the owner. The defendants Wundt & Coogan answered, denying all the allegations of the complaint and setting up a counterclaim. The defendant Zabriskie denied certain of the material allegations of the complaint, and the issues thus made came on for trial. On the trial the defendants Wundt & Coogan defaulted, and defendant Zabriskie resisted plaintiff's claim to a lien upon his property. The answer of the defendants Wundt & Coogan, verified by both of said defendants, denies absolutely the following allegations of the complaint, viz.: "That the said labor and materials were performed and furnished for the repair and improvement and were actually used in and upon the building on the premises above described; * * * that the said work was performed and the said materials were furnished with the consent of said defendant Andrew J. Zabriskie, the owner of said premises as aforesaid." Notwithstanding his verified denial of all the allegations contained in the complaint, the defendant Wundt became