GEOGE B. KIRKBRIDE, Plaintiff, *v.* AUGUSTUS B. WILGUS, Defendant.

(Supreme Court, New York Special Term, March, 1902.)

Partnership — Remedies of the holder of a firm note — Code C. P. § 1946 — Demurrer when frivolous — Application for judgment.

Where the holder of a firm note has sued upon it one of the two partners who made it and that judgment remains unsatisfied he may sue the omitted partner for the balance remaining unpaid.

A complaint, setting forth the facts constituting the cause of action upon the demand, as well as the reasons why one partner was omitted from the first action and the other partner from the present action, is sufficient and a demurrer interposed thereto is frivolous.

A demurrer is frivolous only where it is clearly bad upon its face and requires no argument to demonstrate its frivolity.

A party aggrieved by a frivolous demurrer may apply for judgment to the court or to a judge thereof and need not wait until a trial of the issues of law or fact.

MOTION for judgment on a frivolous demurrer.

William D. Sawyer, for motion.

W. Brauns, opposed.

GILDERSLEEVE, J.   The application is for a reargument of the motion for judgment on a demurrer to the complaint as frivolous. The rule, undoubtedly, is that, unless the demurrer is clearly bad on its face, and no argument is needed to demonstrate its frivolity, it should not be overruled as frivolous.   See German Ex.

Bank v. Kroder, 13 Misc. Rep. 192; Hopper v. Erslev, 3 id. 340. Upon examination of the pleadings on this motion, it seemed to me that the demurrer in the case at bar came within the requirements of this rule, and I, therefore, granted the motion. However, as defendant applies for a reargument, I feel called upon to state my reasons for this decision. The demurrer herein is based on an alleged defect of parties defendant. The complaint alleges that defendant Wilgus was in partnership with one Lindsay, and that said firm made two promissory notes, set forth in the complaint, in favor of plaintiff, upon which notes the plaintiff's cause of action is based. Although the contract was a copartnership obligation, only one of the two partners is made defendant herein, and the reason for not bringing in the other partner is stated in the complaint to be that a judgment has already been obtained on this demand, i. e., these notes, against the other partner, upon which judgment only a very small part has been paid, to wit, fifty dollars, which sum was partly for costs, and the complaint states that the rest, viz., thirty dollars and forty-six cents, may be credited toward interest on the unpaid claim. The reason why Wilgus was not made a party in the suit against Lindsay is also stated. Section 1946 of the Code provides that " Where, for any cause, one or more partners have not been joined as defendants in an action upon a partnership liability, and final judgment has been taken against the persons made defendants therein, the plaintiff, if the judgment remains unsatisfied, may maintain a separate action upon the same demand, against each omitted partner, setting forth in the complaint the facts specified in this section, as well as the facts constituting his cause of action upon the demand." The plaintiff in the case at bar, as appears from the complaint, has closely followed the practice indicated by the above quoted section of the Code. For the reason that this fact appeared on the face of the complaint, which sets forth a good cause of action, I concluded that the demurrer was bad on its face, and granted the motion, as I have above stated. The defendant's counsel refers me to the cases of Polack v. Runkel, 56 App. Div. 366, and Oakes v. Oakes, 55 id. 576. The first holds that; " Where one of two causes of action set out in a complaint in an action brought against three defendants as members of a firm, and also against one of them individually, does not relate to the latter in his individual capacity, his demurrer to such cause of

action should be sustained; and that there is a substantial differ-
ence between a judgment entered against a person sued individu-
ally and a judgment rendered against the same person sued as a
member of a copartnership." The state of facts in that case differs
largely from those in the case at bar, and the doctrine there laid
down has little direct bearing upon this motion. In the case of
Oakes v. Oakes, Mr. Justice Patterson says that if the question
were directly presented, he " might disapprove of the practice of
applying by special motion for a judgment upon pleadings at the
Special Term, instead of awaiting a trial of the issues of fact or of
law in the ordinary manner, and in the appropriate branch of the
court." Section 537 of the Code, however, provides that if a
demurrer, answer or reply is frivolous, the party aggrieved thereby
may apply to the court or to a judge of the court for judgment
thereon. The plaintiff, therefore, was well within his legal right
in making this motion, and the court is bound to act on such mo-
tion. I must deny the application for a reargument.

Application for a reargument denied.