ROSENBERG v. HYMAN et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. ACTION ON BOND—ANSWER—DENIAL OF MATERIAL ALLEGATIONS.
   The complaint in an action on a bond conditioned to be void if H. should pay plaintiff $200 in a certain time alleged that he failed to pay any part of it, and in the third paragraph alleged that plaintiff duly demanded the $200 of defendants, but no part thereof has been paid. *Held*, that the answers, denying "the third allegation of the complaint," that H. has failed to comply with the conditions of the bond, and that $200 are due and owing from defendants to plaintiff, deny material allegations, so as to prevent judgment on the pleadings.

Appeal from City Court of New York.

Action by Adolph Rosenberg against Adolph Hyman and another. From a judgment for plaintiff on the pleadings, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Newman & Butler, for appellants.
M. H. Hochdorf, for respondent.

GILDERSLEEVE, J. The complaint sets forth that on or about the 12th day of December, 1901, the defendants, for the purpose of securing the payment to plaintiff of the sum of $200, duly executed and delivered to the plaintiff a bond bearing date on that day, sealed with their separate seals, whereby they bound themselves, in the penalty of $400, upon condition that the same should be void if the defendant Adolph Hyman should pay to the plaintiff the sum of $200 within 60 days from the date thereof; that the defendant Adolph Hyman failed to pay said sum of $200, which became due on February 10, 1902, or any part thereof, and that therefore the sum of $200 is due on said bond, with interest from February 10, 1902; that payment has been duly demanded and refused; and the complaint demands judgment for $200, with interest from February 10, 1902, with costs. The answer of defendant Hyman admits the execution of a bond, "but denies that the only condition contained therein was that Adolph Hyman should pay to the plaintiff the sum of $200 within sixty days from the date thereof." The answer also denies that said defendant Hyman "failed to comply with the conditions of said bond, or that there is now due or owing to the plaintiff the sum of $200." The said answer further denies the plaintiff's allegation of a demand for payment, and a refusal thereof, and that no part of the sum of $200 has been paid. The answer of the defendant Eisler is identical with that of the said defendant Hyman, but the defendants appear by separate

attorneys. The plaintiff made a motion for judgment on the pleadings, which motion was granted, and from the order entered on said motion, and the judgment entered on said order, the defendants appeal to the Supreme Court.

A frivolous answer is one which denies no material allegation of the complaint, sets up no defense, and is so manifestly insufficient on its face that a mere inspection, without any argument, will suffice to recognize its defects. Judgment for frivolousness cannot be given where parts of the answer are good, even if the rest be frivolous. Bank v. O'Rorke, 6 Hun, 18; Hull v. Smith, 8 How. Prac. 149; Bank v. Kroder, 13 Misc. Rep. 192, 34 N. Y. Supp. 133; Crucible Co. v. Steelworks, 9 Abb. Prac. N. S. 195. The third paragraph of the complaint alleges that "the plaintiff has duly demanded the same [$200] from said defendants, but that no part thereof has been paid." The answers deny "the third allegation of the plaintiff's complaint." This seems to raise an issue as to the claim that no part of the $200 has been paid. The answers also deny that defendant Hyman has failed to comply with the conditions of the bond, and they deny that $200 are due and owing from defendants to plaintiff. We think the court below fell into error in concluding that the answers denied no material allegation of the complaint, and were manifestly insufficient on their face.

The judgment and order are reversed, and the motion for judgment on the pleadings denied, with costs.

FREEDMAN, P. J., concurs.

TRUAX, J. I concur in the result. The first paragraphs of the answers herein contain denials of a material allegation of the complaint. All concur.