## SUPREME COURT.

### RYLE agt. HARRINGTON.

As to the *unfitness* of a single judge sitting in review, upon the rulings of another single judge of the same court, there can be no doubt.

Whether, by the amendment of § 265, in 1852, requiring motions for new trials on exceptions, &c., in the first instance, to be heard and decided at *the* circuit or special term, instead of *a* special term, changing it from the indefinite to the definite article, was not intended to prevent an appeal from one judge to another in the same court. *Quere?*

In this case it was held, that the first branch of the answer, interpreted by the whole, was no defence in law; and that the second branch, if a sufficient defence in law, was not sustained by the proofs offered at the trial. Defendant's motion for a new trial denied.

*New-York Special Term, March,* 1857.

MOTION for a new trial, on exceptions to charge to the jury.

> S. SANXAY, *for defendant.*
> AARON OGDEN, *for plaintiff.*

ROOSEVELT, Justice. The defendant, Harrington, is sued as maker of a promissory note. In his answer he sets up two defences : 1st. he denies that he made the note for a valuable consideration ; 2d. he says—and in this he shows what he means by consideration—that the note was made for the purpose of being deposited with the plaintiff temporarily, until Searle, (the payee and indorser,) who had become indebted to the plaintiff for goods sold, should procure and deliver three other notes, which plaintiff had agreed to accept in its stead, as payment for the goods ; which three notes, he says, Searle accordingly did procure and tender to the plaintiff, who refused to ac-

Ryle agt. Harrington.

cept them and deliver up defendant's note; and that Searle still holds those three notes subject to plaintiff's order; and he, the defendant, therefore insists that the plaintiff has no right to the note sued on, and has given no consideration for the same.

As this answer is under oath, the law requires that, like any other sworn statement, it should be so construed as to make all its parts, if possible, harmonize with, and not contradict, each other. When, therefore, in the first branch of the answer, the defendant says he made the note without consideration, he must be understood as meaning that, in his view of the law, the matter, as subsequently explained by him, was no consideration. The judge, at the trial, however, took, and I think correctly, a different view of the law; and as no evidence was offered to support the averment, that the three substituted notes were ever procured or tendered, the whole defence failed, and there was no alternative but a verdict for the plaintiff.

The judgment, then, rests on two propositions, namely, that the first branch of the answer, interpreted by the whole, is no defence in law; and that the second branch, if a sufficient defence in law, is not sustained by the proofs offered at the trial.

Motion for new trial denied, with costs.

I have examined this case as if it were regularly before me. It is proper, however, to add that the practice is not perfectly clear. As to the *unfitness* of a single judge sitting in review, upon the rulings of another single judge of the same court, there can be no doubt. The superior court, in 1851, to prevent such an occurrence, provided, by an express rule, that no alleged errors of law, in the trial before the jury, would be considered at special term—that is, by a single judge, "unless by the express direction of the justice before whom the cause was tried." And in the very next year, when the legislature had the Code under consideration, an amendment was introduced, seemingly to give greater effect to the suggestion of the superior court. Prior to that time, motions for new trials on exceptions were required, "in the first instance, to be heard and decided at *a* special term;" unless the judge trying the cause

should send the case directly to the general term. But by the amendment of 1852, it is declared, that such motions " must, in the first instance, be heard and decided at *the* circuit or special term, unless," &c. (*Code*, § 265.)

Why was this change from the indefinite to the definite article, unless to prevent " an appeal from one judge to another in the same court "—a proceeding which, as the superior court had very justly observed, (*in* 4 *Sand.* 701,) " should never be permitted where it can be avoided."