Thomas F. Youngs et al., Respondents, *v.* George L. Kent, et al., Appellants.

An answer, insufficient in form or substance, is not necessarily frivolous. Such an answer may be amended by leave of the court, but a frivolous answer is evidence of bad faith, and not ordinarily amendable. That only may be regarded as frivolous, which is made to appear so incontrovertibly, by a fair statement of it without argument.

When the answer puts in issue material allegations of the complaint, although its form and structure indicate that the intention of the pleader is to present a different question, yet the issues in fact presented cannot be disregarded, and the court cannot, by a summary judgment, deprive the defendants of the right of a trial of the issues thus formed.

(Argued December 6th, 1871 ; decided December 12th, 1871.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, affirming an order of Special Term striking out defendants' answer as frivolous, and affirming a judgment entered thereon.

*S. Hand,* for appellants. Plaintiffs were bound to fully complete their part of the contract. (16 Wend, 632; 21 N. Y., 398 ; 26 N. Y., 217 ; 17 N. Y., 173 ; 2 Sweeny, 267.) Plaintiffs having noticed the cause for trial, were precluded from moving for judgment on the answer as frivolous. (Code, § 256 ; Superior Court, *Kellogg* v. *Baker*, 15 Abb., 286 ; *Esmond* v. *Vanbenschoten*, 5 How., 44 ; *Phillips* v. *Suydam*, 6 Abb., 289.)

*James C. Carter,* for respondents. Defendants admit the delivery of the goods and are liable for them. ( *West* v. *The Am. Exc. Bank*, 44 Barb., 179 ; Code, § 194 ; Stephens on Pleading.) The failure of the goods to conform to the sample, furnishes no ground of defence to an action for the price. (Benjamin on Sales, 422, 479, 482 ; *Reed* v. *Randall*, 29 N. Y., 358 ; *Sprague* v. *Blake*, 20 Wend., 61 ; *Hargous* v. *Stone*, 5 N. Y., 73 ; *McCormick* v. *Sarson*, 38 How. Pr., 190, affirmed in Court of Appeals, see list in 40 How. Pr. ; *Hoe*

v. *Sanborn,* Court of Appeals, 3 Abb. N. S., 195.) Plaintiffs not required to show frivolousness. This being an appeal from a judgment, the question is whether it is right on the merits. (*East River Bank* v. *Rogers,* 9 Bos., 493.)

PER CURIAM. Without passing upon the merits of the answer, so far as it attempts an affirmative defence, we are of the opinion that material allegations of the complaint were put in issue by other parts of the answer. The allegations in the complaint of the quantity delivered of the sugar in the aggregate, were material, and if controverted presented an issue of fact for trial. It is true the denial of those allegations are not as artistic and formal as they might, and, perhaps, should have been, but they are not among the allegations expressly admitted, and they are not alluded to in the statement of special facts alleged in the answer, and, therefore, may be regarded as controverted under the denial of each and every allegation of the complaint except as "herein admitted or stated."

It is possible that the pleader had it not in his mind in preparing the answer to make a point upon the quantity and value of the property, but to contest only the cause of action. But the allegations of the complaint and the denial of the answer are upon the record, and the court cannot, by a summary judgment, deprive the defendants of the right of a trial of the issue thus formed. The question presented was neither frivolous nor immaterial. The form and structure of the answer would indicate, that the right of the plaintiffs to recover at all was the question intended to be made. But by the forms of pleading the other question is, in fact, presented, and cannot be disregarded.

This conclusion obviates the necessity of determining any question as to the sufficiency of the defence attempted by the statements of the answer aside from the denial.

An answer may be bad upon demurrer and so held, and yet not be frivolous so as to authorize a summary judgment. An answer merely defective in form or substance, may be amended

by leave of the court, either upon demand or upon the trial of the issues, but a frivolous answer is evidence of bad faith, and is not ordinarily amendable.

The fact that an answer is insufficient in form or substance, does not necessarily determine that it is frivolous. That only may be regarded as frivolous, which is made to appear so incontrovertibly by a bare statement of it and without argument. If an argument is required to show that the pleading is bad, it is not frivolous. But without considering the sufficiency of the answer, or whether it is or is not frivolous, or the legal questions presented by it; for the reason that there was a material issue of fact presented by the pleadings which should have been tried, the judgment is reversed, and the action remitted to the court below for further proceedings, costs to abide the event.

All concur.

Judgment reversed.