Bartlett, J.
The plaintiff sues as administratrix de bonis non, of Maria Louise Spafford. In the sixth paragraph of the complaint, she alleges that she was duly appointed such administratrix by the surrogate of the county of New York on or about the 11th day of May, 1881. By his amended answer, the defendant denies any knowledge or information sufficient to form a belief as to the allegations in the sixth paragraph of the complaint, excépt as to certain matters which he denies positively, and ‘ ‘ except that he is informed and believes that John B. Spafford became the personal representative of the estate of said Maria Louise Spafford, deceased; that said estate was mentioned as a preferred creditor in the assignment in the complaint referred to for the sum of $584.17; and that said John B. Spafford died in or about the month of March, 1881.”
This denial suffices to raise an issue as to the representative capacity of the plaintiff. The sincerity of such denial may be questionable, in view of the subsequent statement in the answer, that the defendant has always been ready and willing, and has offered to pay to the plaintiff a portion of the amount claimed by her, to wit: the sum of $84.17; but, even if the answer be false, it does not follow that it is frivolous within the meaning of the Code.
It may also be observed that the plaintiff has chosen to *398 allege the fact of non-payment up to the time of her appointment as administratrix, as though this constituted a necessary and material element of her cause of action; and, if right in this view, the denial of that averment puts in issue the fact of non-payment and makes the answer good. Knapp v. Roche, 94 N. Y., 329.
Whether the amended answer in this case shall finally be adjudged to be sufficient or not, we are satisfied that it is not frivolous. Youngs v. Kent. 46 N. Y., 672.
The order appealed from should, therefore, be reversed with costs and disbursements.
Van Brunt, P. J , concurs.