### NEWELL BROS. MANUF'G CO. v. GRUNWALD.

(*City Court of New York, General Term.* June 20, 1888.)

1. PLEADING—COMPLAINT—GOODS SOLD ON CREDIT.
    A complaint for goods sold and delivered on a credit of 30 days, verified less than 30 days after the delivery of part of the goods, alleging that, "by averaging dates of delivery, the whole account has become due, and defendant has not paid the same," though stating facts from which the probable existence of a partial defense might be inferred, is not, for that reason, insufficient on demurrer.

2. APPEAL—REVIEW—DISCRETION OF TRIAL COURT.
    On overruling a frivolous demurrer to a complaint, the matter of granting leave to defendant to plead over is in the discretion of the trial court; and a refusal to grant such leave will not be reviewed on appeal, where there is no showing of any meritorious defense to the action.

Appeal from special term; DAVID MCADAM, Judge.

Action by Newell Bros. Manufacturing Company against Isidore Grunwald for goods sold and delivered. The complaint states "that at the various times between the 1st day of February, 1888, and the 10th day of April, 1888, at the city of New York, the plaintiff sold and delivered to the said defendant certain goods, wares, and merchandise, for which the said defendant contracted and agreed to pay the sum of 563.05 dollars upon a credit of 30 days;" and that "although the whole account has become due, by averaging the dates of delivery of said merchandise, the defendant has not paid the same." The complaint is verified on the 5th of May, 1888. Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled as frivolous, and judgment absolute rendered against defendant, from which he appeals.

Argued before BROWNE, EHRLICH, and McGOWN, JJ.

*Benno Loewy,* for appellant. *Adams, Lay & Comstock, (George C. Lay,* of counsel,) for respondent.

EHRLICH, J. The complaint (verified May 5, 1888) alleges that between February 1 and April 10, 1888, the plaintiff sold and delivered merchandise to defendant upon credit of 30 days; that the whole amount has become due, by averaging dates of delivery, and that there is now due to plaintiff from defendant the amount claimed. The defendant demurred for insufficiency, and from the order granting judgment thereon, and from the judgment entered accordingly, he presents this appeal. It is true, as appellant's counsel claims, that a complaint must fall before a demurrer, when it sets forth a complete cause of action, and at the same time a perfect defense thereto. But such is not the complaint in the case at bar. Here a present cause of action is alleged, and, in addition, facts as to credit from which the probable existence of a partial defense might be inferred. This is not enough to impair the legal efficiency of the complaint. The matter of allowing defendant to plead over was in the discretion of the court below, and the utter absence of any suggestion of a present meritorious defense forbids our interference. The demurrer was clearly frivolous; and, a frivolous pleading being evidence of bad faith, leave to plead over or amend should not ordinarily be granted. *Youngs* v. *Kent,* 46 N. Y. 672–674. The order and judgment appealed from should be affirmed, with costs.

BROWNE and McGOWN, JJ., concur.