(24 Misc. Rep. 453.)

## BARTON v. GRIFFIN.

(Supreme Court, Special Term, St. Lawrence County. August, 1898.)

PLEADING—ANSWER—QUALIFIED DENIALS—FRIVOLOUSNESS.

Under Code Civ. Proc. § 500, providing that an answer shall contain a general or specific denial of each material allegation of the complaint controverted by defendant, a denial of "each and every allegation set forth in said complaint, except as therein admitted, qualified, or explained," is frivolous, where the affirmative allegations allude to matters referred to in the complaint connecting them with other allegations in such a way that it is difficult to determine what allegations are qualified or explained.

Action by William Barton against Jed. H. Griffin. On motion to strike out answer. Sustained in part.

J. P. Kellas, for plaintiff.
W. P. Badger, for defendant.

RUSSELL, J. The motion is designed to test the validity of an answer which "denies each and every allegation set forth in said complaint, except as herein admitted, qualified, or explained." The complaint sets forth a cause of action for unlawfully evicting the defendant and his family from the home they lived in, under the color of unlawful legal proceedings. The answer first avers affirmatively a justification by virtue of proceedings duly taken under the lease; second, an affirmative defense of unpaid rent and taxes to be paid by the plaintiff under the lease; third, avers as a counterclaim the same defense as the second; fourth, avers the institution of the summary proceedings in good faith; and, fifth, makes the attempt at denial above referred to. The affirmative allegations in the answer are lengthy, and allude in part to matters referred to in the complaint connecting those matters with other allegations of fact in such a manner that it would be very difficult to know precisely what allegations of the complaint the defendant had qualified or explained.

The defendant's counsel urges not only that this form of denial is sustained by decisions in the courts of this state, but that, on principle, such a denial should be allowed, as it is often difficult to deny under oath conscientiously an averment of a complaint which only partially states the facts, while the admission might, upon the trial, carry an inhibition against proof contradicting the inferences to be drawn from such admission. I do not see, however, anything to offend the most tender conscience in denying a statement of facts which is not correctly made, or in admitting, if the verbiage of the allegation in the complaint be correct, in hæc verba the words of the complaint, but averring the modifying circumstances which show the general conclusion to be otherwise than that which might have been inferred. The whole theory of pleading is designed to present issuable allegations of fact for trial, leaving admitted upon the record those things which the parties agree upon. Thus is saved a large amount of labor and time in the preparation by both sides for the trial of the case, and by the court in the solution of the questions of fact in difference. The old system of common-law pleading had grown to be of a highly artificial character, sometimes going through the declaration, plea, replication, rebutter, surrebutter, rejoinder, and surrejoinder before an issue of fact was finally raised; and the form of pleading the general issue in artificial language, with a special plea of affirmative defense or a notice of facts intended to be proven under a general issue, was an awkward substitute for the other method of pleading. To reduce the whole system of pleading to its correct design and use, the Code of Civil Procedure provided that the complaint should contain a plain and concise statement of the facts without unnecessary repetition (section 481, Code Civ. Proc.); and the answer should contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief, and a statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition. Code Civ. Proc. § 500. The answer in the present case does not deny any material allegation of the complaint, or of any knowledge or informa-

tion sufficient to form a belief.    It would have done so except for the modification withdrawing from the force of the denial such allegations, not specified, as may be construed to be qualified or explained by some of the many affirmative allegations of the answer.    It is equivalent to saying that a defendant has undertaken to explain some of the allegations of the complaint, and to qualify other allegations of the complaint, none of them being identified, and that he does not deny such particular allegations.   Such a denial is vicious in its uncertainty.    There will always be room for doubt as to what allegation the defendant has explained or has qualified according to the presumptive inferences to be drawn from his affirmative statement of facts arrayed against the plaintiff's statement of facts.    Any of the allegations of the complaint may, in one sense, be qualified or explained by any statement of the answer which, without being in any manner a part of the fact alleged in the complaint, tends to qualify its force or explain its effect.    None of the cases cited by counsel for defendant meet the question as here involved.    Calhoun v. Hallen, 25 Hun, 155; Tracy v. Baker, 38 Hun, 263; Youngs v. Kent, 46 N. Y. 672.    These, and other cases of similar import, are either those where the issue is accepted by the parties, and the case comes on for trial, at which time it is too late to raise the question, as, if necessary, an amendment should be had of course; or where the words "except as otherwise explained or qualified" are pure surplusage, and may be dropped without in any manner modifying the force of the denial, as in cases where the denial applies only to those allegations of the complaint which were not directly admitted or specifically denied, there being no affirmative allegations of facts and qualifying circumstances to make the explanation or qualification of the absolute denial of substantial force or effect.

In all cases that which the defendant denies or admits should be a matter of plain observation, and not of obscure or argumentative construction, even though the form of answer here considered is easier to draft.    I am therefore of the opinion that the words of denial in this case are outside of the form of pleading allowed by the Code of Civil Procedure, and, being unauthorized by law, are frivolous to this issue.    I am aware that it has been sometimes said that no pleading should be called frivolous which could not be seen to be so without an argument.    It would seem to be plain that it could be seen without argument that this form of denial is not authorized; but, if argument is essential, I am not one of those who think the force of an objection that a pleading is frivolous is met by the statement that it requires argument to show it to be frivolous, so long as the conclusion reached after the argument is plainly authorized.    The clearest conclusions, which to the superficial view appear to be involved in a doubtful haze, are often reached by an argumentative dissection, which brings absolute certainty.    And, if the suggestion that a pleading cannot be deemed frivolous unless it appears so to the superficial view is correct in practice, we ought to eliminate from the reports thousands of opinions which gravely discuss, with a reference to many authorities, the question as to the frivolousness of the complaints, answers, re-

plies, and demurrers. There is no other practical remedy open to the plaintiff to reach this question.

The motion is granted as to the fifth division of the answer containing the denial, and not as to the others, which are, at least, such defenses as should be met by a demurrer, rather than by a motion. As the motion is granted only in part, no costs are awarded. Ordered accordingly.