## MACCARONE v. HAYES et al.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. NOTE—ACTION—COMPLAINT—SUFFICIENCY—OWNERSHIP.

Code Civ. Proc. § 519, requires that, as to matters of form, "the allegations of a pleading shall be liberally construed with a view to substantial justice between the parties." A complaint alleged, first, that a certain defendant made and executed a note to the order of H. & Co., setting it forth, together with the words, "Endorsed: 'H. & Co.'"; "second, that the defendant H., for a valuable consideration, indorsed said note and transferred it to plaintiff; * * * seventh, that plaintiff is now the owner and holder of said note." *Held*, that plaintiff's ownership was sufficiently alleged in paragraphs second and seventh.

2. SAME—DELIVERY.

The reasonable import of the language of paragraph second, read in connection with the other allegations, was that H. delivered the note to plaintiff on behalf of the firm of H. & Co.

3. SAME—FRIVOLOUS ANSWER.

The complaint also alleged protest of the note and notice to defendants. In his answer, the maker of the note denied knowledge or information sufficient to form a belief as to each and every allegation except the first, and the notice of protest. *Held* not to admit due delivery to plaintiff, nor anything more than the reasonable import of the language of plaintiff's allegations, and hence not frivolous.

Appeal from Special Term, Kings County.

Action by Giovanni Maccarone against Thomas F. Hayes, impleaded with others. From an order declaring his answer frivolous, and directing judgment for plaintiff on the pleadings, defendant Hayes appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

James Murphy, for appellant.
Charles C. Smith, for respondent.

WOODWARD, J. The defendant Hayes appeals from an order of the Special Term of the Supreme Court, Kings county, declaring his answer frivolous, and directing judgment in favor of the plaintiff on the pleadings.

The amended complaint to which the answer was interposed alleged:

"First. On information and belief, that on the 6th day of June, 1902, the defendant made and executed the following note: '$100. Woodhaven, N. Y., 6th June, 1902, one month after date I promise to pay to the order of Hazard & Co. one hundred and $^{00}/_{100}$ dollars at the Woodhaven Bank, value received. Thomas F. Hayes. No. 271, due July 7th 1902.' Indorsed: 'Hazard & Co., No. 40 E. Houston St.'

"Second. That on said 6th day of June, 1902, the defendant William Hazard, for a valuable consideration, indorsed said note and transferred it to the plaintiff.

"Third. That thereafter and at maturity said note was presented for payment at the Woodhaven Bank, and payment was duly demanded and refused.

"Fourth. That notice of nonpayment was duly given to Hazard & Co., indorsers.

"Fifth. That said note was duly protested for nonpayment, and a notice of protest duly sent to Hazard & Co., and to Thomas F. Hayes.

"Sixth. That the protest fees amount to $1.50.

"Seventh. That the plaintiff is now the owner and holder of said note.

"Eighth. On information and belief, that the defendants Ann Hazard and William Hazard are copartners, and doing business under the firm name of Hazard & Co.

"Wherefore plaintiff demands judgment for the sum of $101.50, with interest from the 6th day of June, 1902."

The answer which was adjudged frivolous was as follows:

"The defendant Hayes, for his answer to the amended complaint herein, on information and belief, denies knowledge or information sufficient to form a belief as to each and every allegation, and the whole thereof, except the first, and the alleged notice to him of the alleged protest of the alleged note."

Both pleadings were verified.

The plaintiff contends that the answer is frivolous, in that the defendant, by excepting from his denial the allegations of the paragraph of the complaint designated "First," admitted not only that he was the maker of the note, but also that it was indorsed by Hazard & Co., and by that firm duly delivered to the plaintiff, before maturity, for value. The contention of the defendant is that the words, "Indorsed: 'Hazard & Co.,'" together with the allegations of paragraphs second and seventh of the complaint, are insufficient to show ownership of the note by the plaintiff. Therefore he concludes the complaint does not set forth facts sufficient to constitute a cause of action against him, and that for this reason judgment cannot be rendered against him on the ground that this answer is frivolous. Van Alstyne v. Freday, 41 N. Y. 174; Munger v. Shannon, 61 N. Y. 251; McMoran v. Lange, 25 App. Div. 11, 48 N. Y. Supp. 1000. We are unable to adopt either of these views as a solution of the difficulties here involved. Both pleadings are so inartificially and loosely drawn that a correct statement of their legal effect is not free from perplexity. One thing, however, seems clear; that is, that the defendant's admission cannot be broader than the allegation to which it is directed. He admits that the note bore the memorandum, "Indorsed: 'Hazard & Co.,'" but no more. He does not admit due delivery to the plaintiff, nor

anything more than the reasonable import of the language of the plaintiff's allegation. There is authority for holding that the indorsement by the payees was sufficiently alleged in the paragraph of the complaint designated "First."

In Hendricks v. Wolff, 14 Civ. Proc. R. 428, 1 N. Y. Supp. 607, a similar allegation of indorsement was held good by the Special Term of the Supreme Court. Upon overruling a demurrer to the complaint in that case, it was said by Lawrence, J.:

"The language of the complaint is, 'Indorsed, Charles G. Wolff & Co.' It does no violence to language to hold that such a statement is equivalent to an allegation that 'it' (the note) was indorsed by Charles G. Wolff & Co., the makers and payees.'"

On appeal to the General Term the judgment of the Special Term was affirmed on the opinion of the court below.

But conceding the indorsement by the payees to be sufficiently alleged in paragraph 1 of the complaint, the plaintiff, not being an original party to the note, could have no right of action thereon unless he has acquired title thereto subsequently to its delivery by the maker. "While the averment that the payee indorsed the note imports that he has delivered it to another and parted with his title," said Mr. Justice Barker in Gurnee v. Beach, 40 Hun, 108, 111, "it cannot be inferred therefrom that the transfer was to the plaintiff, for that is another and a distinct fact, which must be set forth in the complaint, that it may appear that the plaintiff is interested in the cause of action. The plaintiff's claim of title is an issuable fact, and it must be set forth in such form that the same can be met with a denial. In averring the fact of ownership, no particular form is necessary, but the fact must be unequivocally stated."

The indorsement by the payees, then, being admitted by the defendant, is there in the complaint sufficient allegation that the note was duly delivered to, and at the time of the commencement of the action owned by, the plaintiff? Bearing in mind that a pleading should be construed, if possible, so as to harmonize all its parts (Ryle v. Harrington, 14 How. Prac. 59), and that the meaning is to be taken, if reasonable, which will support the pleading (Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 542), we have no hesitancy in saying that the fact of ownership by the plaintiff is sufficiently alleged in the paragraphs of the complaint designated "Second" and "Seventh." It seems entirely reasonable, in view of the allegation of paragraph 7, to construe the allegation of delivery to the plaintiff in paragraph 2 as that of the payees and indorsers, Hazard & Co. William Hazard was one of the firm of Hazard & Co., and it is only as such that he is made a party to the action. The reasonable import of the language of paragraph 2, read in connection with the other allegations of the complaint, is that William Hazard delivered the note to the plaintiff in behalf of the firm of Hazard & Co. If this is shown at the trial, and it should there appear that the note was indorsed "William Hazard," as well as "Hazard & Co.," that fact would not affect the plaintiff's presumptive ownership of the note. The indorsement in blank, "Hazard & Co.," supplemented by actual production of the instrument, would constitute prima facie proof of the plaintiff's title.

Zimmer v. Chew, 34 App. Div. 504, 54 N. Y. Supp. 685. The allegation of delivery to the plaintiff was material. The plaintiff is bound to prove the fact to make out a case. It is met by the defendant's general denial, and under this he could controvert the allegation by evidence. Griffin v. Long Island R. Co., 101 N. Y. 348, 4 N. E. 740; Hays v. Hathorn, 74 N. Y. 486. A further allegation of ownership, which has been held sufficient (New York Marbled Iron Works v. Smith, 4 Duer, 362; Burrall v. De Groot, 5 Duer, 379), is made in paragraph 7, and also denied by the answer. "A frivolous answer is one so clearly and palpably bad as to require no argument or illustration to show its character, and which would be pronounced frivolous and indicative of bad faith in the pleader upon a bare inspection." Strong v. Sproul, 53 N. Y. 497, 499. "That only may be regarded as frivolous which is made to appear so incontrovertibly by a bare statement of it, and without argument. If an argument is required to show that the pleading is bad, it is not frivolous." Youngs v. Kent, 46 N. Y. 672, 674. "An answer denying, upon information and belief, the indorsement and ownership of a note sued upon, raises a material issue," is not frivolous in law, and judgment cannot be directed thereon. The Robert Gere Bank v. Inman (Sup.) 5 N. Y. Supp. 457.

We conclude, therefore, that the order appealed from should be reversed, not because the complaint does not state facts sufficient to constitute a cause of action against the defendant Hayes, but because the answer does not admit all the material allegations of the complaint; its general denial, on the contrary, raising an issue upon a material point. We believe this view best complies with the spirit as well as the letter of section 519 of the Code of Civil Procedure, which requires that, as to matters of form (Clark v. Dillon, 97 N. Y. 370), "the allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties." The order should be reversed.

Order reversed, with $10 costs and disbursements. All concur.