### DUKE v. GRANT et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1908.)

PLEADING—SHAM ANSWER.

> The answer in an action against defendants as indorsers, before delivery, of a note, first, denied each and every allegation of the complaint, "except as hereinafter specifically admitted"; and, second, alleged that any indorsement by defendants of any note, such as is alleged in the complaint, if made by defendants, was without consideration. *Held,* that though the second subdivision was vicious, because hypothetical, and therefore subject to be stricken out, the first subdivision, which was good pleading, was not thereby vitiated, and the second subdivision, even if considered good pleading, did not admit all that plaintiff had to prove, so that striking out the answer as sham was error.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1120.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Joe Duke against Jacob Grant and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before JENKS, HOOKER, RICH, MILLER, and GAY-NOR, JJ.

Max Hallheimer and A. Dudley Britton, for appellants.
Morris Meyers, for respondent.

JENKS, J. This is an appeal by the defendants from a judgment of the Municipal Court. The return shows that "judgment for the plaintiff against defendants, verified complaint defendants appearing, and on motion their answer having been stricken out as sham." The plaintiff complains:

"(1) That on the 16th day of June, 1907, one Mount Morris Construction Company, a domestic corporation, duly made, executed, and delivered to the plaintiff, for value, its negotiable promissory note, in writing, dated the said 16th day of June, 1907, and thereby promised to pay to the plaintiff, at the Union Bank of Brooklyn, Merchants' Branch, the sum of $202, two months after the said date. (2) That prior to the delivery of the said note, and for the purpose of lending credit to the same, and to induce the plaintiff to accept and receive the said note in payment from the said Mount Morris Construction Company for moneys then due by said company to the plaintiff, the said defendants Jacob Grant and Jacob A. Rappaport duly indorsed the said note, and, after such indorsement by said defendants, the same was delivered to the plaintiff. (3) That at maturity the said note was duly presented for payment at the place therein designated, but the same was not paid, of all of which due notice was given to the defendants, the indorsers. (4) That upon the nonpayment of said note at maturity the same was duly protested by Walter D. C. Boggs, a notary public, at a cost of $1.50, which same is a fair and reasonable charge therefor, and that due notice of such nonpayment and protest was given by said notary public to the defendants herein. (5) That the plaintiff has duly demanded of the defendants the payment of the said note, and that the same has not been paid. Wherefore plaintiff demands judgment against the defendants and each of them for the said sum of $203.50—the amount of said note with protest fees—together with interest from the 16th day of August, 1907, together with the costs and disbursements of this action."

The defendants' answer, with verification:

"First. Deny each and every allegation in the plaintiff's complaint contained, except as hereinafter specifically admitted. Second. Alleges that any indorsement by the defendants of any note, such as is alleged and set forth in the plaintiff's complaint herein, if made by the defendants, was made without any value or consideration therefor. Therefore the defendants demand that the plaintiff's complaint be dismissed, with costs."

The second subdivision of the answer is vicious because it is hypothetical. Bliss on Code Pleading, § 317; 1 Nichols' New York Practice, p. 845. The remedy is by motion to strike out. Bliss, supra, notes. The first subdivision is good pleading. Griffin v. Long Island Railroad Co., 101 N. Y. 348, 4 N. E. 740. Pittenger v. S. T. Masonic Relief Ass'n, 15 App. Div. 26, 44 N. Y. Supp. 124. "A good denial is not vitiated by adding a contingent or hypothetical avoidance of the matter already denied." 1 Abbott's Forms of Pleading, p. 1502, citing Everitt v. Conklin, 90 N. Y. 645. Even if the second paragraph be considered as good pleading, it certainly does not admit all allegations of the complaint which the plaintiff was bound to establish by testimony. The court could not strike out this answer as sham. Thompson v.

Erie Railway Company, 45 N. Y. 468; Wayland v. Tysen; Id. 281; Schlesinger v. Wise, 106 App. Div. 587, 94 N. Y. Supp. 718.

The judgment is reversed and a new trial is ordered, costs to abide the event. All concur.