APPEAL AND ERROR (§ 960*)—DISCRETION OF TRIAL COURT—REVIEW.

The granting or withholding of a bill of particulars is within the discretion of the court, and will not be disturbed on appeal, unless abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3834; Dec. Dig. § 960.*]

Appeal from Special Term, Nassau County.

Action by Irwin S. Loewenthal against the Globe & Rutgers Insurance Company.   From an order requiring plaintiff to furnish an additional and further bill of particulars, he appeals.   Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

George H. Bruce, for appellant.

F. O. Affeld, Jr., for respondent.

RICH, J.   This court held, in Spencer v. Ft. Orange Paper Co., 74 App. Div. 74, 77 N. Y. Supp. 251, that:

"The granting or withholding of a bill of particulars is within the discretion of the court, and, where there has been no abuse of this discretion, the appellate courts will not, as a rule, interfere."

This principle has been universally adopted by the appellate courts of this state.   The record in the case at bar presents no abuse of discretion, and the order must be affirmed, with $10 costs and disbursements.   All concur.

---

## CARPENTER et al. v. ATLAS IMPROVEMENT CO.

(Supreme Court, Appellate Division, Second Department.   April 30, 1909.)

APPEAL AND ERROR (§ 1201*)—REVERSAL—AMENDMENT OF PLEADINGS—TERMS.

Where judgment for plaintiff was reversed because the complaint alleged an employment to sell an entire tract, and the averment and proof was as to partial performance only, amendment of the complaint, after remand, to allege and allow proof of complete performance, should not be allowed, except on terms.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4682; Dec. Dig. § 1201.*]

Appeal from Special Term, Westchester County.

Action by Edward T. Carpenter and another against the Atlas Improvement Company.   From an order granting leave to amend the complaint, defendant appeals.   Modified and affirmed.

See, also, 123 App. Div. 706, 108 N. Y. Supp. 547.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Charles A. Baker (H. Aaron, on the brief), for appellant.

H. T. Dykman, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J.   In 1905, the plaintiffs commenced this action to recover commissions for the sale of real property.   The complaint alleges an employment to sell "a certain plot of land situated on the corner of Railroad avenue and Spring street, in the village of White Plains." The only averment of performance entitling them to commissions is contained in the third subdivision of the complaint in the following language:

"Third. That plaintiffs procured three purchasers for parts of said premises willing and able to purchase and furnished their names and addresses to the defendant."

The defendant, after waiting a·reasonable time, independently of plaintiffs, sold and conveyed two parcels of the plot to purchasers whose names were given to it by the plaintiffs.   The referee before whom the action was tried found in favor of plaintiffs, upon the theory that the original contract had been changed or modified to an extent rendering a recovery permissible, and judgment was accordingly entered for commissions upon the sales prices of the two parcels sold, which judgment was, on appeal, reversed by this court upon the ground that the complaint averred an employment to sell the entire property, that there had been no modification or change of the contract, and plaintiffs could not recover upon proof of partial performance.   123 App. Div. 706, 108 N. Y. Supp. 547.   In October following the case was moved for trial, and plaintiffs offered evidence tending to show a complete performance of the contract.   This evidence was objected to as being incompetent under the pleadings.   A juror was withdrawn, and a motion was subsequently made at Special Term to amend the complaint by striking out said third averment and inserting in its place the allegation:

"That plaintiffs had procured purchasers for the whole of said premises, willing and able to purchase, and were prevented from doing so by the action of the defendant."

The motion was granted without terms.   The case presented is within the rule, uniformly settled, that such an amendment should not be allowed except upon terms.   Bates v. Salt Springs National Bank, 43 App. Div. 321, 60 N. Y. Supp. 313; Woolsey v. Brooklyn Heights R. R. Co., 129 App. Div. 410, 113 N. Y. Supp. 245; Palazzo v. Degnon-McLean Contracting Co., 115 App. Div. 172, 100 N. Y. Supp. 681; Town of Palatine v. Canajoharie Water Supply Co., 116 App. Div. 530, 101 N. Y. Supp. 810; Farrelly v. Schaettler, 124 App. Div. 120, 108 N. Y. Supp. 1132; Rosenberg v. Feiering, 124 App. Div. 522, 108 N. Y. Supp. 941.

Order modified, by granting leave to amend only upon condition that the plaintiffs pay the costs and disbursements in the action to the date of the order, with $10 costs of the motion, and, as so modified, affirmed, without costs.   All concur.