POSNER v. ROSENBERG et al.

(Supreme Court, Appellate Division, Second Department.   February 23, 1912.)

1. PLEADING (§ 346*)—"FRIVOLOUS DEMURRER"—JUDGMENT.
    To sustain a motion under Code Civ. Proc. § 537, for judgment on a "frivolous demurrer," the demurrer must be so clearly without foundation that the defect appears on mere inspection and indicates that its interposition was in bad faith.
    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 346.*]

2. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—MOTION.
    A motion for judgment on a frivolous demurrer to the complaint and for general relief will be considered as a motion under Code Civ. Proc. § 547, as added by Laws 1908, c. 166, authorizing motions for judgment on pleadings.
    [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 350.*]

3. PLEADING (§ 311*)—COMPLAINT—INSTRUMENT ANNEXED TO COMPLAINT—EFFECT.
    Where a copy of the contract sued on is annexed to the complaint and referred to therein, the contract is deemed incorporated in the complaint.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 945; Dec. Dig. § 311.*]

4. DAMAGES (§ 80*)—BREACH OF CONTRACT—LIQUIDATED DAMAGES—PENALTY.
    Where it is ascertainable from the contract construed in the light of the surrounding circumstances that the sum is agreed on as the measure of damages for breach thereof, and the sum is not so excessive as to shock the moral sense, the sum will be construed as liquidated damages; but where the damages from a breach can easily be established, and the damages fixed are disproportionate to the injury, the stipulated sum will be treated as a penalty.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 170–175; Dec. Dig. § 80.*]

5. DAMAGES (§ 79*)—BREACH OF CONTRACT—PENALTY—LIQUIDATED DAMAGES.
    A contract of employment for a specified compensation per week and a percentage of the net profits of the employer's business, to be ascertained semiannually and credited to the employé's account, which provides that, in the event of a breach of the contract by either party, the guilty party will pay to the adverse party $10,000 as and for liquidated damages, etc., provides for liquidated damages, and for a wrongful discharge the employé, suing at law, can only recover the stipulated sum.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 164–169; Dec. Dig. § 79.*]

6. DAMAGES (§ 150*)—LIQUIDATED DAMAGES—COMPLAINT—REQUISITES.
    A complaint, in an action for breach of contract of employment, stipulating for liquidated damages, must allege nonpayment of the damages.
    [Ed. Note.—For other cases, see Damages, Dec. Dig. § 150.*]

7. DAMAGES (§§ 154, 163*)—LIQUIDATED DAMAGES—PAYMENT—PLEADING.
    Where the complaint, in an action for breach of contract of employment stipulating for liquidated damages, alleges nonpayment of the damages, the defense of payment must be affirmatively pleaded, and the burden of proving payment rests on defendant.
    [Ed. Note.—For other cases, see Damages, Dec. Dig. §§ 154, 163.*]

Appeal from Special Term, Westchester County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Sarah C. Posner against Max Rosenberg and another, copartners. From an order overruling a demurrer to the complaint as frivolous, defendants appeal. Reversed.

See, also, 133 N. Y. Supp. 703.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

C. A. Brodek, for appellants.

Thomas J. O'Neill, for respondent.

BURR, J. Defendants demurred to the second cause of action contained in plaintiff's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. From an order overruling said demurrer as frivolous, this appeal is taken.

[1, 2] Although for many years an application for judgment, if a demurrer is frivolous, has been authorized (Code Civ. Proc. § 537; Code of Procedure, § 247), it is difficult to see what useful purpose is served by such a motion since the amendment to the Code of Civil Procedure (Laws of 1908, c. 166; Code Civ. Proc. § 547), providing a summary method of testing the sufficiency of pleadings. Realty Associates v. Hoage, 141 App. Div. 800, 126 N. Y. Supp. 709; Mitchell, etc., v. Follett Time R. Co., 142 App. Div. 687, 127 N. Y. Supp. 709. In fact, the moving party may be seriously prejudiced thereby, for the rule has become well settled that to succeed upon such a motion "the demurrer must be not merely without adequate reason, but so clearly and plainly without foundation that the defect appears upon mere inspection, and indicates that its interposition was in bad faith." Cook v. Warren, 88 N. Y. 37; Rankin v. Bush, 93 App. Div. 181, 87 N. Y. Supp. 539; Shaw v. Feltman, 99 App. Div. 514, 91 N. Y. Supp. 114. In the case at bar it might be sufficient to assign as a reason for reversing the order appealed from that the demurrer is not frivolous within the rule stated. But as the notice of motion contained a prayer for general relief, we have concluded to treat this as a motion under section 547 of the Code of Civil Procedure, and now dispose of the sufficiency of the complaint instead of postponing consideration thereof to a future time.

Plaintiff alleges the making of a contract between defendants and herself for her services as designer and superintendent of the dress and costume department of the business carried on by them for a period of three years, to begin with the 1st day of January, 1909, and to expire with the 31st day of December, 1911.

[3] A copy of the contract is annexed to the complaint and referred to therein. Its provisions are thereby to be deemed to be incorporated in said complaint. Jones v. Gould, No. 2, 123 App. Div. 236, 108 N. Y. Supp. 31; Spence v. Woods, 134 App. Div. 182, 118 N. Y. Supp. 807. For her services plaintiff was to be paid the sum of $100 per week, and in addition thereto a sum equal to 30 per cent. of the net profits made by her employers in said department, which

were to be ascertained semiannually and credited to her account. The contract contained this further provision:

"It is further understood and agreed, that in the event of a breach of this contract by either party hereto, the party so breaching will pay to the other the sum of ten thousand ($10,000) dollars as and for their or her liquidated damages in the premises, and not as a penalty, but this provision of the agreement or the payment of such sum as liquidated damages shall not debar the nonbreaching party from applying for and obtaining such equitable relief as they or she might be entitled to irrespective of such provision and such payment."

Plaintiff alleges her wrongful discharge by defendants on September 19, 1911, and that her proportion of the net profits of the business amounted to about $20,000, no part of which has been paid to her except the sum of $9,133.25. For the balance remaining unpaid, judgment is demanded. The action is one at law and not in equity, and no facts are stated which could be the basis of equitable relief. That the sum named in the clause of the contract above quoted is not a penalty but for liquidated damages seems clear.

[4] The general rule is that damages shall be allowed to the extent of just compensation for loss or injury actually sustained. Even although the language employed in a contract defines such damages. as liquidated, if it is clear from the sum mentioned and the subject-matter thereof that the principle of compensation has been disregarded, courts will not be controlled simply by the words used. Jaquith v. Hudson, 5 Mich. 123. But:

"There are great numbers of cases where, from the nature of the contract and the subject-matter of the stipulation for the breach of which the sum is provided, it is apparent to the court that the actual damages for a breach are uncertain, in their nature difficult to be ascertained, or impossible to be estimated with certainty by reference to any pecuniary standard, and where the parties themselves are more intimately acquainted with all the peculiar circumstances, and therefore better able to compute the actual or probable damages than courts or juries from any evidence which can be brought before them. In all such cases the law permits parties to ascertain for themselves and to provide in the contract itself the amount of the damages which shall be paid for the breach." Jaquith v. Hudson, 5 Mich. on page 137.

In determining whether a sum named is a penalty or unliquidated damages, not only the words employed in the contract, the subject-matter thereof, the sum named therein, but also the circumstances surrounding the making thereof may be taken into consideration. Kemp v. Knickerbocker Ice Co., 69 N. Y. 45, 58.

"Where it is ascertainable from the terms of an agreement, construed in the light of the surrounding circumstances under which it was made, that a sum of money is agreed upon by the parties as the measure of damage which will be sustained by the nonperformance of that agreement, and the sum thus agreed upon under the circumstances is not so excessive as to shock the moral sense, courts will hold the parties to their agreement and keep them bound by their contract." Dunn v. Morgenthau, 73 App. Div. 147, 76 N. Y. Supp. 827.

"Whenever the damages flowing from the breach of a contract can be easily established, or the damages fixed are, plainly, disproportionate to the injury, the stipulated sum will be treated as a penalty. Where, however,

the damages resulting from the breach would be uncertain, or difficult, if not incapable, of ascertainment, then the agreement of the parties liquidating them, in anticipation, will be enforced." Mosler Safe Co. v. Maiden Lane S. D. Co., 199 N. Y. 479, 93 N. E. 81; Ward v. Hudson River Building Co., 125 N. Y. 230, 26 N. E. 256.

[5] Given parties competent to contract, and there is no reason why damages of this uncertain character should not be the subject of an agreement, provided the meeting of the minds is not the result of fraud, misrepresentation, or undue influence. Counsel for respondent contends that the clause with reference to liquidated damages relates only to that portion of the contract providing for the payment of a fixed weekly sum as compensation. This would involve reading into the contract words which are not written therein, and would be contrary to the clear intent of the parties so far as the same is disclosed. If the only measure of compensation for plaintiff's services were a fixed weekly sum, the actual damages resulting from a wrongful discharge would be comparatively easy of computation. But the payment of a proportionate part of the profits of the business is as much a part of plaintiff's compensation as the payment of a specified weekly amount. With regard to the loss of profits, much difficulty might arise in determining the actual results following a breach. If plaintiff were wrongfully discharged at the end of a month, it might be that there would be no net profits for the remainder of the period specified in the contract; but that might be due to the fact that a business which under plaintiff's care and attention would have yielded large returns became unprofitable through being deprived thereof. So if plaintiff were disloyal to her employers, and violated the obligations which the contract imposed upon her, a business which had theretofore yielded large returns might be conducted at a loss. This was peculiarly a case where the parties might agree upon a specified sum by way of damages in the event of a breach. Each realized that, as a result of such agreement, the party guilty of a breach might be compelled to pay more than the actual damages resulting therefrom, which it was possible to establish by competent evidence, or the party suffering from such breach might recover less. Each accepted this lawful hazard, and both must be held to the agreement which was made.

We conclude, therefore, that for a breach of the contract plaintiff's entire compensation must be limited to the sum named as liquidated damages.

[6] That portion of the complaint now under consideration stated as a second cause of action cannot be construed as an action to recover the sum named as liquidated damages, for there is no allegation of the nonpayment thereof.

"Upon an ordinary contract for the payment of money, nonpayment is a fact which constitutes the breach of the contract and is the essence of the cause of action, and being such within the rule of the Code it should be alleged in the complaint." Lent v. N. Y. & M. R. Co., 130 N. Y. 504, 510, 29 N. E. 988, 989; Bacon v. Chapman, 85 App. Div. 309, 82 N. Y. Supp. 545; Dickinson v. Tysen, 125 App. Div. 735, 110 N. Y. Supp. 269; Bradbury's Rules of Pleading, 78.

[7] It is true that, when a complaint contains an allegation of non-payment, that allegation is not put in issue by a general denial (Bradbury's Rules of Pleading, 1285); but the defense must be affirmatively pleaded, and the burden of proof with respect thereto rests on the defendant. Lent v. N. Y. & M. R. Co., supra; Conkling v. Weatherwax, 181 N. Y. 258, opinion of Cullen, C. J., 268; 73 N. E. 1028; Lynch v. Lyons, 131 App. Div. 120, 115 N. Y. Supp. 227. Although it may be somewhat illogical that plaintiff should be obliged to allege nonpayment, and yet the defendants be required to affirmatively prove payment, the rule respecting pleading is now well settled, and as stated by Chief Judge Cullen, supra:

"It is of little consequence how it is settled, provided it stays settled."

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.