### SHARP v. SHARP et al.

(Supreme Court, Special Term, Seneca County. January, 1914.)

1. PLEADING (§ 122\*)—DENIAL ON INFORMATION AND BELIEF.

A defendant may not deny on information and belief allegations of the complaint as to facts which must be within his actual knowledge.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 249–252; Dec. Dig. § 122.\*]

2. PLEADING (§ 122\*)—DENIAL ON INFORMATION AND BELIEF.

In an action on a note, defendant might properly deny on information and belief an allegation that the amount of the note was due and owing to plaintiff, and hence a denial on information and belief was not frivolous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 249–252; Dec. Dig. § 122.\*]

3. PLEADING (§ 16\*)—STRIKING OUT—FRIVOLOUS ALLEGATIONS.

That, only, may be regarded as frivolous which is made to appear so incontrovertibly by a bare statement and without argument, and, if argument or examination of the facts is required to show that the pleading is bad, it is not frivolous.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 32, 36, 42; Dec. Dig. § 16.\*]

4. PLEADING (§ 362\*)—STRIKING OUT—FRIVOLOUS ALLEGATIONS.

Where an affirmative defense alleges on information and belief facts which are not only presumptively, but must actually be, within defendant's knowledge, the proper remedy is by motion to strike.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.\*]

5. BILLS AND NOTES (§ 476\*)—ANSWER—WANT OF CONSIDERATION.

In an action on a note, want of consideration is not available as a defense unless pleaded.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1519–1521, 1523, 1557; Dec. Dig. § 476.\*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. Pleading (§ 259*)—Motions to Strike Out—Amendment.
 Where an affirmative defense alleges on information and belief matters which must be within defendant's knowledge, but which if properly pleaded are neither improper nor immaterial, the court in striking the defense should permit defendant at his election to amend his answer.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 783–792; Dec. Dig. § 259.*]

7. Pleading (§ 239*)—Amendment—Conditions on Granting Leave.
 Where an affirmative defense is stricken on motion, leave to amend can be granted only on condition that defendant pay plaintiff's costs and disbursements to date, including costs of the motion.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

Action by Martha A. Sharp against Samuel T. Sharp, impleaded with others. On motions by plaintiff for judgment on the pleadings, and to strike out a paragraph of the answer. Motion for judgment denied. Motion to strike granted conditionally.

MacDonald Bros., of Seneca Falls, for plaintiff.
Daniel Moran, of Seneca Falls, for defendants.

SAWYER, J. [1, 2] Applying the rule of pleading laid down in Wood v. Raydure, 39 Hun, 144–146, defendant would be precluded from denying upon information and belief most of the allegations of the complaint, for, in the very nature of things, the facts must be within his actual knowledge. The complaint contains, however, a specific allegation that the amount of the note in question was, at the commencement of this action, due and owing to the plaintiff, and in this respect at least, if not in others, the defendant, while without actual knowledge, may be in position to deny upon information and belief, in which event his plea cannot be said to be frivolous. Maccarone v. Hayes, 85 App. Div. 41, 82 N. Y. Supp. 1005.

[3] Possibly by a motion of a different character such facts, or arguments based on pleaded facts, can be presented as would entitle plaintiff to have this answer stricken out; but the rule is well settled that that only may be regarded as frivolous which is made to appear so incontrovertibly by a bare statement and without argument. If argument or examination of the facts are required to show that the pleading is bad, it is not frivolous. Youngs v. Kent, 46 N. Y. 672; Poser v. Rosenberg, 149 App. Div. 272, 133 N. Y. Supp. 704.

[4] The second paragraph of the answer sets out an affirmative defense, and is not only hypothetical in form, but is made "upon information and belief"; whereas the facts are not only presumptively within defendant's knowledge, but must be actually. Such a pleading is vicious, and the remedy is that here invoked, i. e., a motion to strike out. Dovan v. Dinsmore, 33 Barb. 86–90; Brown v. Ryckman, 12 How. Prac. 313; Duke v. Grant, 126 App. Div. 383, 110 N. Y. Supp. 563.

[5] It cannot be said, however, that this paragraph attempts to set up improper or immaterial matter, for want of consideration is not available as a defense unless pleaded. Sprague v. Sprague, 80 Hun,

285, 30 N. Y. Supp. 162; Ryan v. Sullivan, 143 App. Div. 471, 128 N. Y. Supp. 632.

[6] This being so, the striking out of that paragraph will be inevitably followed by a motion, on the part of defendant, for permission to amend, and it is difficult to conceive of any objection which would defeat the granting of such a motion upon proper terms. The practice in motions for judgment under section 547 of the Code is analogous to that upon a demurrer, and the party whose pleading is found insufficient is permitted to amend. Schleisener v. Goldsticker, 135 App. Div. 435, 120 N. Y. Supp. 333. No good reason appears why, under the circumstances here presented, a similar practice should not be adopted and an order made permitting defendant, at his election, to do what he unquestionably will be permitted to do at Special Term, viz., suitably amend his answer.

[7] This can, however, be done only upon condition that he pay plaintiff's costs and disbursements to date, including costs of this motion. Carpenter v. Atlas Improv. Co., 132 App. Div. 112, 116 N. Y. Supp. 454, and cases there cited.

The motion for judgment upon the pleadings, upon the ground that the answer is frivolous, is denied.

The motion to strike out the second paragraph of the answer is granted, with costs, unless defendant shall, upon the terms above stated, within ten days after service of notice of the entry of the order hereon, make and serve an amended answer denying positively the matters within his own knowledge, and setting out the defense of lack of consideration in proper form. No other amendment is at this time allowed. In that event the motion is denied, without costs.

Ordered accordingly.