## JOHN REIS CO. v. POST.

(Supreme Court, Appellate Division, Second Department. May 25, 1914.)

1. BROKERS (§ 82*)—ACTIONS FOR COMMISSION—COMPLAINT—ALLEGATION OF NONPAYMENT.

   Where a memorandum for the exchange of property stated that the broker's commission was to be a certain percentage, but did not contain an agreement to pay the commission, an allegation, in the complaint to recover the commission, that the plaintiff refused to make the exchange or to comply with the terms of the memorandum does not amount to an allegation of nonpayment of the commission.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

2. BROKERS (§ 82*)—ACTIONS FOR COMMISSION—COMPLAINT—ALLEGATION OF NONPAYMENT.

   Nor does an allegation that the executrix of the vendor of the property had unreasonably rejected a claim against the estate for the amount of the commission amount to an allegation that the commission had not been paid.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

3. BROKERS (§ 82*)—ACTIONS FOR COMMISSION—COMPLAINT—SUFFICIENCY.

   A complaint for a broker's commission, which does not allege that the commissions had not been paid, is insufficient, under Code Civ. Proc. §

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

481, subd. 2, requiring the complaint to contain a plain and concise statement of the facts constituting the cause of action.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

Appeal from Special Term, Kings County.

Action by the John Reis Company against Mary Elizabeth Post, as executrix of Donald McNeil, deceased. From an order of the Special Term denying the defendant's motion for judgment on the pleadings, the defendant appeals. Reversed, and judgment directed for the defendant.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTMAN, JJ.

Ernst, Lowenstein & Cane, of New York City, for appellant.

Henry M. Dater, of Brooklyn (Jay S. Jones and Edward J. Fanning, both of Brooklyn, on the brief), for respondent.

RICH, J. The appeal is based upon the contention that the complaint is fatally defective in that it does not allege nonpayment of the commissions (which is the essence of the alleged cause of action), and does not therefore contain the "plain and concise statement of the facts constituting each cause of action" that is required by the provisions of section 481, subd. 2, of the Code of Civil Procedure. The learned court at Special Term held that the averments of subdivision 4 of the complaint (liberally construed with a view to substantial justice, as directed by section 519 of the Code) were "equivalent to an allegation of a breach of the contract by defendant's testator to pay commissions," and that such averments, taken in connection with the allegation of subdivision 8 of the complaint that defendant rejected the claim filed by plaintiff, are "equivalent to an allegation of nonpayment, both by defendants and their testator."

[1-3] The rule controlling the disposition of the question presented is stated in Dickinson v. Tysen, 125 App. Div. 735, 740, 110 N. Y. Supp. 269, 273, which was an action to recover broker's commissions, as follows:

"The Code of Civil Procedure, § 481, provides that a complaint must contain a plain and concise statement of the facts constituting the cause of action. Under this provision, whatever facts are essential to be proved to entitle the plaintiff to recover upon the trial must be set out in the complaint. Upon a contract for the payment of money, nonpayment is a fact which constitutes the breach of the contract and is the essence of the cause of action, and being such, within the provision of the Code, that fact must be alleged in the complaint. It is suggested that, inasmuch as payment is always an affirmative defense which must be pleaded in order to be available, it necessarily follows that nonpayment need not be alleged. This does not follow. The reason why nonpayment must be pleaded is clearly set forth in the opinion in Lent v. New York & Massachusetts R. Co., 130 N. Y. 504, 29 N. E. 988."

The defendant's demurrer was sustained, although the inference of nonpayment was stronger upon the facts alleged than upon those alleged in the complaint in the case at bar. In the Lent Case referred to, the

complaint alleged an award to the plaintiff for real estate taken by the defendant railroad company by condemnation proceedings, and an order confirming the report of the commissioners and directing the payment of such award, an appeal therefrom and affirmance, followed by a prayer for judgment for the amount of the award. To this complaint the defendant demurred upon the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrer upon this ground, holding that no presumption of payment could be indulged in; that there was no allegation in the complaint that the defendant had failed or omitted to pay the award, and no allegation of indebtedness, without which no cause of action was stated. This case was cited and adopted in Posner v. Rosenberg, No. 2., 149 App. Div. 272, 277, 133 N. Y. Supp. 704.

Subdivision 4 of the complaint alleges that the defendant refused to make the exchange of property which plaintiff had arranged, or "comply with the terms of the memoranda aforesaid, although requested so to do by the plaintiff, and although the owners of said premises * * * were ready, able, and willing to make said exchange." The memoranda referred to states the terms of a proposed and authorized exchange of property, "with the further understanding that the commission to you on my property will be at the rate of one and a half (1½%) per cent. on the purchase or sale price." There is nothing in the memoranda providing for the payment of commission, so that the alleged failure to comply "with the terms of the memoranda aforesaid" is not an allegation of, or equivalent to an allegation of, nonpayment of the commission the plaintiff seeks to recover.

The other allegation upon which the learned Special Term rested his conclusion that nonpayment was sufficiently alleged is contained in the eighth subdivision of the complaint, and is that the plaintiff served "a notice of the within described claim" upon the executrix, and that she unreasonably rejected the same. There is no claim alleged or described in the complaint to which the reference "within described claim" applies, and the allegation is not the equivalent of an averment of nonpayment. Plaintiff's claim, although rejected, may have been paid, after such rejection. There is nowhere in the complaint an allegation that defendant or her testator was or is indebted to plaintiff, or that the alleged earned commission of $1,500 had not been fully paid, without which, under the authorities cited, no cause of action is stated.

The order must be reversed, with $10 costs and disbursements, and judgment directed for the defendant on the pleadings, with costs. All concur.